## POINSETT *v.* TAYLOR.

In an action of trespass against a sheriff where he is declared against personally and not as sheriff, it is competent to prove that the defendant was sheriff and that his deputy as such committed the trespass.

In such a case it is not necessary to prove that the defendant directed his deputy to seize the particular property in question, in order to hold the defendant liable.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The plaintiff filed his complaint against the defendant, as Sheriff of San Joaquin County, for trespass in seizing certain goods of plaintiff. A demurrer and answer being filed, the plaintiff filed an amended complaint, declaring against the defendant by name, and not as sheriff, to which the defendant plead the general issue. On the trial the plaintiff proved the property to be his, and then offered to prove that the defendant was the sheriff of the county, and that John W. Webster was his under sheriff, and as such took the property and sold it on an execution against a third person, put in his hands by the defendant. This testimony was ruled out on the ground that the issue to be tried was that made by the amended complaint and the answer thereto, and that the

plaintiff could only show as the case then stood, that the defendant himself actually took the property or directed some other person to take the specific property. The plaintiff also offered in evidence the execution under which the property was seized, with the return thereon of the sale by the sheriff, by Webster deputy, and to prove the execution and return, and that the property named therein was the property in question, which testimony was also excluded on the same ground, the plaintiff duly excepting to the rulings of the Court.

The jury, under instructions of the Court to the *same effect,* found a verdict for defendant; plaintiff moved for a new trial, which was denied, and judgment entered for defendant. Plaintiff appealed.

*Otis L. Bridges* for Appellant.

This Court has decided that an amended complaint might be used together with the original complaint. But the amended complaint was sufficient to charge the defendant with the trespass committed by his authorized agent. 1 Whittaker's Practice, 322, 323; 4 How., 119; 3 How., 39; 6 How., 68, 71; 1 Archb. Nisi Prius, marg. page 477, top page 543, 3 Am. Ed.; Comp. L., 525, Tit. 4, § 39, *et. seq.;* 1 Chitty, 351; 2 Chitty, 345; 2 Greenl. § 597; Har. Dig., 6073; 4 Comstock R., 173, and cases there cited; 5 Phillips, 376, 377, 378, 395.

Where a party does not claim under process he need not declare against a sheriff officially, although the goods were taken by the sheriff or his deputy, as such. 1 Denio, 327.

*D. W. Perley* for Respondent. No brief on file.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

Under any aspect of this case, the rulings of the Court below were erroneous.

It was unnecessary for the plaintiff to declare against the defendant as sheriff, although even this is sufficiently stated in the first count of his declaration. If the defendant had been only a private individual, it was competent for the plaintiff to prove that Webster, who committed the trespass, was his agent or servant, and acting under his commands. The defendant also in his answer assumes the responsibility of the act of his deputy, treats it as his own, and justifies it. The Judge trying the case should have let in all the evidence.

Judgment reversed, and cause remanded.