BROOKS VS. HANAUER ET AL.

After the term at which an order for new trial was entered has passed, the court
has no power to rescind the order and render judgment on the verdict.

*Appeal from Randolph Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

FOWLER & STILLWELL, for appellant.

The court had no power to set aside the order for a new trial
which had been granted at the previous term. 2 *Ark.*, 66; 5
*Ib.* 25; 1 *Eng.* 101; 5 *Ib.* 241; 14 *Ark.* 203.

FAIRCHILD for the appellee.

1. The order for a new trial was not absolute, but conditional:
it could not become absolute until the condition—payment of
costs—had been complied with.

2. The ends of justice were obtained by the action of the
court below, and this court will not reverse where such rever-
sal would work injustice. 19 *Ark.* 198; 17 *Ib.* 326; 13 *Ib.* 258; 5
*Eng.* 442.

Hon. H. FLANAGIN, Special Judge.

This is an action by petition and summons, by L. Hanauer,
et al. vs. William P. Brooks on a promissory note.

There was judgment for the plaintiff below, and the defen-
dant below made a motion for a new trial, which was submit-
ted to the court, and by the court taken under advisement, and

the next day an entry was made in the following words. " On this day come the plaintiffs by Cain & Marvin and Byers, & Neely, their attorneys, and the said defendant, by A. C. Harris & Patterson, Rose & Gibbs, his attorneys ; and the court, being sufficiently advised in the premises, is of the opinion that the defendant's motion for a new trial should be sustained, on condition that said defendant will pay all costs in this case up to and including the present term, and that he shall withdraw his plea in abatement, and enter of record a waiver of all matters in abatement whatever, and file his pleas to the merits of the cause, all of which must be done at this term, with an agreement of record that the said defendant will throw no obstacles in the way whatever to the trial of this cause, at the next term of this court, on the merits, and the said defendant filing and entering of record his acceptance of the above conditions : It is therefore considered by the court that the judgment rendered in this case be set aside and a new trial granted in this case upon the conditions aforesaid ; to which opinion, ruling and direction of the court in setting aside the judgment and granting a new trial upon the conditions aforesaid, the plaintiff, by attorney, at the time the same was made and done, excepted, and to save said exceptions asked and obtained leave of the court to file his bill of exceptions at any time during the present term ; and thereupon the defendant filed his pleas of *nil debet* and *pay ment*, to which the plaintiff joined issue in short upon the record, by consent, with leave to the plaintiffs to amend their pe tition, if necessary, to conform with the note sued upon, by the first day of the next term, and the defendant filed his pleas of partial failure of consideration with leave to the defendant to verify said plea by affidavit by the first day of the next term."

The acceptance of the conditions referred to in the above order is an undertaking in writing, waiving all matters in abatement, agreeing to pay all the costs and to throw no obstacle in the way of a trial at the next term.

The defendant filed three pleas, and issue was taken to them. At the next term of the court there was a motion to set aside

the order for a new trial and enter a judgment for the defendant in error, and the court decided that: " The said order of this court made on the first day of December, A. D. 1856, allowing the defendant a new trial on the conditions aforesaid, be, and is hereby vacated, set aside and held for nought, and the defendant be disallowed a new trial in this case, and that the judgment against the defendant, by this court, on the 29th day of November, 1856, be and is hereby made absolute."

The last judgment or decision is assigned for error.

It is held in *Smith vs. Danley,* 2 *Ark.* 66, that after a term has expired, the court has no longer any control over a judgment rendered.

In *Walker et al. vs. Jefferson,* 5 *Ark.* 25, it was held, that to allow an opposing party to show cause at a succeeding term to the granting of new trial was irregular, and in contravention of the practice as prescribed by the statute.

A petition for reconsideration in the Supreme Court must be determined at the term at which the decision was made, or the decision will be final—*Ashley vs. Hyde & Goodrich,* 1 *Eng.* 101; *Rawdon Wright & Hatch vs. Rapley, et al.* 14 *Ark.* 203.

A judgment is final after the term at which it is rendered—*Reiff et al. vs. Conner et al.* 5 *Eng.* 241; *Hubbard vs. Welch.* 6 *Eng.* 151; *Cossett et al. vs. Biscoe,* 7 *Eng.* 95.

From the foregoing decisions it is certain that, according to the settled practice in this court, a court after granting a new trial, at one term, cannot set it aside at the next.

It remains to ascertain if the judgment was set aside and a new trial granted.

It is clear that the payment of costs may be made a condition precedent to the granting of a new trial—2 *Tidd's Practice,* 917. But did the court in this case intend to make this a condition precedent to the granting of a new trial? This question is not without difficulty.

The court, in fixing the conditions upon which a new trial should be granted would seem to have intended, merely, to impose upon the defendant the payment of the costs in the case,

but not that they should be paid before the grant of the new trial. . The defendant below filed an agreement to accept the terms fixed by the court, and the court, upon this being done, set aside the judgment and granted a new trial " upon the conditions aforesaid." At the next term of the court the counsel for the plaintiffs below, in their motion, and the court, by its decision, recognized that the previous order had set aside the judgment and granted a new trial.

There is another reason which tends to show that it was intended that the costs of the court should not be paid until the term had elapsed : it is that the costs accruing during the pending term, in the case, should be paid. The amount of costs accruing during the term could only be positively ascertained at the conclusion of the term.

It seems to have been contemplated that the costs should have been paid after the term and before the next term.

The order must be construed to have given or refused the new trial, as if it was not granted the judgment became final.

From the record the court holds that the judgment was set aside, and a new trial granted, and that any intention that some future act should be performed could not affect the new trial already granted.

Let the judgment be reversed.

Mr. Justice FAIRCHILD did not sit in this case.