Warner v. Capps.

WARNER v. CAPPS.

1. PLEADING: *Demurrer to complaint in part good.*
   When one of several paragraphs of a complaint is· good, a general demurrer to the whole complaint is bad

2. SAME: *Common law forms not abolished by the Code.*
   The Code has made no change in the substantial allegations necessary to constitute a cause of action, and an appropriate common law form of pleading may still be used, if in the use of it the material facts constituting the cause of action be specifically stated.

3. TRESPASS: *Not cured by return of property.*
   The return of property is no defense to an action of trespass for taking it.

4. SAME: *Pleading; Plaintiff must allege title; Evidence.*
   In an action for taking goods the plaintiff must allege in his complaint, property in the goods; and proof upon the issue, that he has a special property in them, as mortgagee, bailee or officer, &c., will sustain the allegation. So, also, mere peaceable possession will support the action as against one who disturbs the possession without right.

APPEAL from *Dorsey* Circuit Court,
Hon. T. F. SORRELLS, Circuit Judge.

*R. L. Elliott*, for appellant :

In support of the complaint cited *Ball et als*, v. *Fulton Co.*, 31 *Ark.*, 380 ; *Chitty on Pl.*, 2d vol., 859 ; 7 *N. Y.*, 478 ; 31 *Ark.*, 301.

Demurrer not proper mode of objection, if the complaint is uncertain and indefinite. *McElroy* v. *Adams*, p. 315 ; 26 *Barbour*, (*N. Y.*) 9 ; *C. P. Ch.*, 8 sec., p. 155.

If either count be good, demurrer should be overruled. *Turner* v. *Tapscott*, 29 *Ark.*, 312 ; *Bruce* v. *Benedict*, 31 *Ib.*, 301.

Pleadings to be construed liberally. *Bushy et al* v. *Reynolds et al*, 31 *Ark.*, 657.

ENGLISH, C. J. This action was brought in the Circuit Court of Dorsey county by James Warner against William E. Capps. There were three paragraphs in the complaint, the first alleging, in substance :

" That on or about the sixteenth day of December, 1877, said defendant, with force and arms, etc., took into his possession four bales of cotton, of the value of two hundred dollars, lawful money, etc., then lying and being in the county, etc., aforesaid, and at the gin house, and from and out of the possession of said plaintiff, unlawfully and without right, and did then and there detain said cotton for a long space of time, to-wit: for the space of six days, to the great damage and inconvenience of said plaintiff." etc.

The second paragraph alleged, in substance :

" That defendant, on the day and in the county, etc., mentioned in paragraph first, unlawfully and without right, and with force and arms, and against the protestation of said plaintiff, siezed, took and detained certain goods and

3—37

Warner v. Capps.

chattels, to-wit: four bales of cotton, the property of said plaintiff, of great value, to-wit: two hundred dollars, etc., and then and there held said cotton, and kept and detained the same so then held for a long space of time, to-wit: for the space of ―― days then next following, whereby the said plaintiff for and during all that time lost and was deprived of the use and benefit of said cotton, and thereby the same then and there became and was greatly damaged, lessened in value, and other wrongs then and there did, to the great damage of said plaintiff.''

Third paragraph:

'' Plaintiff further says that during the time of said taking and detention as aforesaid, his teams were stopped in consequence thereof ; and that he was led to believe by the wrongful acts of said defendant as aforesaid, that he was clothed with legal authority to sieze and take said cotton, and in consequence thereof said plaintiff was induced to employ the services of an attorney, to regain possession of said cotton, and then, and not until then, was he able to regain possession of said cotton, all of which greatly damaged him to the amount of $150.'' Wherefore he prays judgment, etc.

Defendant entered a general demurrer to the whole complaint, which was sustained by the Court, and plaintiff resting, final judgment was rendered for defendant, and plaintiff appealed.

1. PLEAD-ING:
Demurr-er to com-plaint good in part bad.

I. The demurrer being to the whole complaint, if either of the paragraphs stated sufficient facts to show a good cause of action, it should have been overruled. *Bruce et al* v. *Benedict*, 31 *Ark.*, 301; *Lane* v. *Levillian*, 4 *Ark.*, 272.

2. SAME:
Common law forms not abolished by the Code.

II. The Code has made no change in the substantial allegations necessary to constitute a cause of action, and resort may still be had to the common law forms of plead-

ing, where the form adopted is appropriate, and in the use of it the material facts constituting the cause of action are specifically stated. *Ball et al* v. *Fulton county*, 31 *Ark.*, 378.

III. The third paragraph of the complaint alleges no cause of action, but is a vague attempt to claim consequential, and not direct damages, for the taking and detention of the cotton complained of in the first and second paragraphs.

IV. The second paragraph showed a good cause of action. Trespass *de bonis asportatis* lies for unlawfully taking and carrying away the plaintiff's goods and chattels, and where the goods have been returned or reclaimed, the action will still lie for the damage done, if it be even nominal. *Green's Prac. and Plead.*, sec. 708.

*3. TRESPASS: Not cured by return of property.*

In the second paragraph it was alleged that the plaintiff was the owner of the four bales of cotton; that the defendant unlawfully, and with force and arms, seized, took and detained the cotton from him, for a long space of time, to-wit: —— days, whereby, etc. All the necessary and material facts to constitute a cause of action were specifically stated in this paragraph, the blank as to the time the cotton was detained being matter of form.

V. The first paragraph does not allege that plaintiff had any title, general or special, in the cotton.

*4. ——: Plaintiff must allege title.*

In trespass for taking goods, says Mr. Selwyn, the declaration must state that the goods were the plaintiff's goods; "hence," if the words "the plaintiff," or "his," be omitted, the declaration will be bad; but this omission may be cured by pleading over. 2 *Selwyn, Nise Prius*, 1333.

A declaration in trespass which does not allege that the plaintiff has property in the thing taken, is bad on demurrer. *Hite* v. *Long*, 6 *Randolph*, 457; 6 *Bac. Abr.*, 600, *tit.*, *Trespass, II; Neale* v. *Clantice*, 7 *Har. & John.*, 379.

Such is the common law rule, and it applies just the same to the Code pleadings. When in pleading, under any system, any right or authority is set up over either real or personal property, some title to such property must be alleged. *Green's Prac. and Plead.*, sec. 435.

Proof of title. On issue to the declaration or complaint, however, in trespass to personal property, plaintiff may maintain the action by proving that he is the general owner, or has a special property in the goods, as mortgagee, bailee, officer, etc. So a mere possession, by which is meant one who has a peaceable possession of goods, but who shows in himself no other right, may maintain trespass. This mere possession is sufficient, as against one who disturbs it without right in himself, and who, therefore, occupies the position of an intermedler in that in which he 'has no interest. *Cooley on Torts.*, p. 437.

There is an awkward averment in the first paragraph that the cotton was taken from the possession of the plaintiff. But, as above shown, the better pleading is to allege property in the plaintiff, general or special, for it is not a universal rule that one in the actual possession of goods has a right of action for trespass to them. For example : where goods are entrusted by the owner to a mere servant, and there is a trespass upon them, the right of action is in the master. *Cooley on Torts.*, 436.

Whether there be other exceptions we need not inquire in this case ; the second paragraph of the complaint was clearly good, and the Court erred in sustaining the demurrer to the whole complaint ; and for this error the judgment must be reversed, and the cause remanded for further proceedings.