## MOORES *v.* WINTER.

### Opinion delivered November 18, 1899.

1. TRESPASS—SHERIFF'S LIABILITY FOR DEPUTY'S ACTS.—Trespass is the proper action, in those states wherein the common law prevails, against a sheriff for an unlawful seizure and sale under process, by his deputy, of the chattels of a stranger; and if the sheriff is declared against personally, and not as sheriff, it is competent to prove that he was sheriff, and that his deputy, as such, committed the trespass. (Page 194.)

2. SAME—PARTIES DEFENDANT.—One whose goods are unlawfully sold under process against another may sue in trespass the officer who committed the tort and those who advised and encouraged it. (Page 194.)

3. TORTS—VENUE.—For a common-law tort, a personal action may be maintained against the wrong doer in any state where he is found and served with process. (Page 194.)

4. HARMLESS ERROR—REFUSAL TO SET ASIDE DEFAULT JUDGMENT and to permit defendant to answer is not prejudicial error if the court offered to allow him a new trial on condition that he pay the costs of the term caused by him. (Page 195.)

5. CONFLICT OF LAWS—LIMITATIONS.—The general rule is that where an action is brought for a common-law tort the statute of limitations of the forum governs, without regard to where the cause of action accrued. (Page 195.)

6. SAME.—It is only where both the parties to an action on a common-law tort resided in the state in which the cause of action accrued during the full period of limitation that the statute of limitations of that state can be pleaded in bar of an action not barred in the state of the forum. (Page 196.)

7. TRESPASS—SUFFICIENCY OF PROOF.—To sustain an action of trespass *vi et armis,* it is only necessary to show that the plaintiff had possession of the goods, or a general or special property in them, and a right to immediate possession. (Page 196.)

Appeal from Miller Circuit Court.

JOHN H. CRAWFORD, Special Judge.

### STATEMENT BY THE COURT.

On April 21, 1896, appellee, Joseph Winter brought suit in the Miller circuit court against appellants, Chas. H. Moores and W. A. Payne. He alleged in his complaint that Moores was sheriff of Bowie county, Texas, and Payne was his deputy; that, under an order of attachment issued out of the county court of Bowie county, Texas, in a cause then pending in said court, wherein A. F. Shapleigh Hardware Company was plaintiff and Sam S. Faulk was defendant, appellant Payne seized and took from the possession of appellee the personal property described in this complaint; that appellant was the owner and in possession of all of said property, and no part thereof was the property of said Faulk, nor liable to seizure under said attachment; that appellant Payne thereafter sold said property, and applied the proceeds of said sale to the payment of the claim of Shapleigh Hardware Company against said Sam S. Faulk; that in making said seizure and sale appellant Payne acted under the advice and direction of appellant Moores, and with his approval and consent, and that thereafter appellant Moores ratified and confirmed the act of appellant Payne in making such seizure and sale; that the property so seized and sold was of the value of $309.22; that by the act of the general assembly of Texas, approved January 20, 1840, it was enacted that "the common law of England (so far as it is not inconsistent with the con-

stitution of this state) shall, together with such constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the legislature," and that the common law of England was in force in the state of Texas at the times mentioned in the complaint; and that appellee had a cause of action against appellants under the laws of Texas for the wrongs and injuries complained of in the complaint. He · prayed judgment for his damages in the sum of $309.25.

Appellants, by their answer, admitted the seizure and sale, pleaded not guilty, also pleaded the statute of limitation of Texas and the statute of limitation of Arkansas.

At a subsequent term of the court, on leave of the court, appellee amended his complaint by making J. G. Kelso and W. H. Tilson defendants. Subsequently the action was dismissed as to Kelso, and Tilson was duly served with process, but failed to answer. A demurrer was interposed to the plea of the statute of limitation of Texas, which was sustained. A trial was had, and appellee recovered judgment against appellants for $298.02. Motion for new trial was filed, and overruled as to Moores and Payne, and sustained as to Tilson, on condition that he pay all costs of the term, and upon his failure to pay the costs the motion was overruled as to Tilson also.

In addition to the testimony embraced in the abstract made by appellants, we submit the following: After the court had passed upon the instructions tendered by plaintiff and defendants, plaintiff's attorneys stated to the court that defendant Tilson had failed to file any answer in this action, "and thereupon defendant's counsel stated that he supposed that defendant Tilson had an answer in, and said Tilson stated to the court that, being a Texas attorney, he understood that the answer filed by the original defendants had been taken as his answer, and adopted by him as such, and he was not aware that it was necessary for him to file a separate answer, nor necessary for him to adopt of record the answer of the other defendants filed herein." The answer tendered by Tilson denied the liability, and pleaded the "Arkansas statutes of limitation as to him."

The evidence shows that appellee purchased from H. R. Webster, trustee, a stock of jewelry in Texarkana, Tex., known

as the "Faulk stock of goods," which had been recently owned by Sam S. Faulk, who conducted a jewelry store at that place; that appellant Chas. H. Moores was sheriff of Bowie county, Texas, and appellant W. A. Payne was his deputy; that suit was filed in the county court of Bowie county, Texas, by Shapleigh Hardware Company against Sam S. Faulk, and a writ of attachment was issued in said suit, and levied on a portion of said stock of jewelry by appellant Payne; that defendant Tilson was the attorney of Shapleigh Hardware Company in said suit. He signed, as attorney for the hardware company, an indemnifying bond to the sheriff, and directed Payne to levy on enough of "that Faulk stock of goods" to satisfy the claim of Shapleigh Hardware Company, which amounted to $216.99, exclusive of costs. Tilson was present when Payne made the levy, and saw him seize the goods. There were two separate levies made, and Payne gave Winter receipts for the goods covered by each levy. These receipts described the goods levied on, and stated the price for each article. The first levy was for $255.79, and the second was ·for $53.50. Winter protested against these levies at the time each was made, and claimed the goods seized as his own. These levies were made respectively on the 6th and 10th of January, 1894. The goods were afterwards sold to satisfy the judgment rendered in that suit.

*T. E. Webber*, for appellants.

It was error for the court to refuse to allow defendant Tilson to file an answer or to adopt that of the other defendants. Sand. & H. Dig., §§ 5769, 5770, 5772; 29 Ark. 372; 42 Ark. 57; *id.* 503; 58 Ark. 504; *id.* 612. The sheriff was not responsible for the alleged trespass of his deputy. 127 U. S. 507; S. C. 32 L. R. A. 203; 69 Tex. 192. The action against a sheriff or other public officer for acts done by him by virtue of or under color of his office is local, and is governed by the statute of limitations in force there. 2 Add. Torts, 834; Bliss, Code Pl., (3d Ed.) 284–6; § 5685. Sand. & H. Dig., subdivision *second*; 1 Sayle's Civil Stat. (Tex.), p. 1194, §8; Webb's Pollock, Torts, 239; 27 S. Car. 456; S. C. 13 Am. St. Rep. 653; 1 Jacob's Fish. Dig. Tit.: "Action on Suit, 8," p. 68; 19 L. T. (N. S.) 770; 38 L. J. Q. B. 113; 9 B. & S.

343; 4 L. R. Q. B. 225; 2 Pars. Cont. 89; 1 How. 170; S. C. 11 Law. Ed. 89 note; 2 Kent's Comm. 454, *459 and *460 note; Story, Confl. Laws, 201, 202; 65 Ark. 34; 62 Am. Dec. 605; 17 Cush. 15; 54 Am. Dec. 700; 7 Laws. Rights, Rem. & Pract. § 3735; 47 Ark. 58.   The Texas statute of limitations having barred this action, this bar may be pleaded, and will be enforced here.   7 Lawson, Rights, Rem. & Pract. § 3732; 55 Miss. 153; S. C. 30 Am. Rep. 510; 22 Am. Dec. 363; 15 Gray, 221; 13 L. R. A. 56; Story, Conf. Laws, § 582; 11 Wheat. 371; 3 Am. & Eng. Enc. Law, 584.   This is, in effect, an action of trover, to maintain which the plaintiff must have a right both to the property and to the possession of it.   Bish. Non-Cont. Law, §§ 397, 399.   It is purely an action *ex delicto*. Cooley on Torts, 95; Webb's Poll. Torts, 4.   In trover, the measure of damages is the value of the property at the time of conversion; but where assumpsit is brought only the amount for which the goods sold is recoverable.   3 Pars. Cont. 194–5; Ang. Lim. §§ 72, 137; Bish. Cont. §§ 186, 782; 2 Beach, Cont. 1676 8; Cooley, Torts, 90–95.   While the code abolishes forms of action, the distinction between trespass and trover still exists.   48 Wis. 660.   Further, on the distinction between trover and assumpsit, and to the effect that trover concerns the *right* and not the *remedy*, see: 37 Ark. 35; 38 *ib.* 113; 43 *ib.* 375; 48 *ib.* 301; 56 *ib.* 592; 58 *ib.* 136; 115 U. S. 620.   The Texas statute of limitation bars plaintiff's *right*.

*Scott & Jones,* for appellee.

The common law of England prevails in Texas.   The sheriff's act was a trespass, and this is an action *de bonis asportatis.*   Webb's Pollock, Torts, 421; 15 Ark. 459; 17 Ark. 508, 511.   Appellee had his choice of suing in tort or bringing replevin.   52 Ark. 128.   The action for tort is personal, and follows the person of the wrong doer, so that he may be sued wherever found.   The right does not depend upon any local statute.   Rorer, Interstate Law, 198–203: Webb's Pollock, Torts, 239–40.   On appeal, the question is whether the court erred in overruling the motion for new trial.   17 Ark. 292, 336.   Payment of costs may be made a condition precedent to the granting of a new trial.   22 Ark. 174; 25 Ill. 152: S. C.

Am. Dec. 789.   Amendments will not generally be allowed for the purpose of pleading limitation.   8 Fed. 428.   Nor to change the issues.   54 Ark. 444.   Tilson, having commanded and approved the trespass, was equally guilty with the trespassers.   49 N. E. 556.   The giving of the bond of indemnity rendered him guilty of trespass for the wrongful seizure.   5 Denio, 90; 3 Wall. 1; 15 N. W. 389; 23 Ark. 131; 15 Ark. 452; 36 Ark. 268; Wood's Mayne, Dam. § 519.   A sheriff is responsible for a trespass, done by his deputy under color of office.   1 Hill. Torts, 150; 6 Cal. 78; 19 Mo. 369; 6 Bac. Abr. 156.   Plaintiff's is a common law right of action.   On questions of limitation, the *lex fori* governs.   Rorer, Interstate Law, 230, 232; 18 Ark. 384, 395; 1 Smith's Lead. Cas. 1027; 3 Sawy. 233; 103 U. S. 11; Cooley, Torts, 470.

HUGHES, J., (after stating the facts.)   "Trespass is held to be the proper action against the sheriff for an injury done by his deputy to the person or property of another.   And in trespass against a sheriff, in which he is declared against personally, and not as sheriff, it is held competent to prove that the defendant was sheriff, and that his deputy, as such, committed the trespass."   2 Hilliard, Torts, p. 208, § 21; *Poinsett* v. *Taylor*, 6 Cal. 78.   "A sheriff is responsible for a trespass done by his deputy."   2 Hilliard on Torts, p. 208, § 21.

It is shown by the evidence that the common law of England prevails in Texas, under statute of that state; and, this being an action *de bonis asportatis* (Webb's Pollock on Torts, § 421), it follows that the plaintiff had a cause of action at common law.

Under the *fi. fa.* against Faulk the sheriff was a trespasser if he seized and sold the goods of Winter, the appellee, though assured that they were the property of the plaintiff.   He could only take the goods of the defendant in the execution.   *Overby* v. *McGee*, 15 Ark. 459; *Oliver* v. *State*, 17 Ark. 511.   The appellee had the right to sue in trespass the person who committed the tort and those who advised or encouraged it, or to bring replevin for the property.   *Willis* v. *Reinhardt*, 52 Ark. 128.

For a common-law tort—which this is—a personal action

may be maintained against the wrongdoer in any state where he is found and served with process.  2 Rorer, Interstate Law, 198 to 203.  This is purely a personal action, and is transitory.  Webb's Pollock on Torts, 239–240.

We are of the opinion that when Tilson offered to file his answer, before the case went to the jury, he should have been allowed to do so, upon terms imposed by the court; and that when he made the refusal of the court to permit him to do so a ground of his motion for a new trial, and the court granted his motion for a new trial on condition that he should pay into court the costs of that term of court, the court exercised a discretion it possessed in refusing his motion unless he complied with the condition.  Granting the motion would have necessitated a new trial, which probably would have caused costs to accumulate to an amount equal to the costs of the term at which the case had already been tried.  The appellant, Tilson was in default for not having answered, and judgment went against him by default, or for want of an answer.  The issues in the case were tried as to Moores and Payne, and all the evidence was heard as to the accrual of the right of action and the value of the goods taken by the sheriff.  As to Tilson the judgment was by default, and the jury assessed the damages upon the evidence.  The costs were ordered paid into court, and, had Tilson paid them, and had there been no new trial, the court had the power to tax the costs, and distribute properly the money paid in, and would doubtless have done so, causing Tilson to pay his costs of the term only.  There was judgment against Moores and Payne.  We therefore think that no reversible error appears in this.  Costs may be required to be paid, as a condition to the granting of motion for a new trial, but the costs only caused by the defendant or party granted the new trial on such condition should be exacted. *Brooks* v. *Hanauer*, 22 Ark. 174.

The appellant insists that the two-years statute of limitations of Texas bars this action.  The action was brought after two years had expired from the date of the trespass, and; had it been brought in Texas, where the trespass was committed, it would have been barred under the Texas statute of limitation.

But the action was brought in Arkansas, where the plaintiff had his residence, and had been a citizen for twenty years, and within three years after the cause of action accrued. "The recovery .must be sought and remedy pursued within the time prescribed by our own law—the *lex fori*—without regard to the place where the cause of action or its merits originated." *Blackburn* v. *Morton*,18 Ark. 384, 395. "When, however, the action is for a tort at common law, the statute of the *forum* governs." Rorer, Interstate Law, 232; *Nonce* v. *Richmond & D. R. Co.* 33 Fed. Rep. 429; Cooley on Torts, 470; *Dennick* v. *R. Co.* 103 U. S. 11. The merits of a cause are determined by the law of the place where it arose; the mode of procedure and remedy by the law of the forum or place where the action is brought, including the statute of limitations. The evidence shows that the appellee was a citizen of this state when he brought this action, and had been for twenty years. If the two years statute of limitations of Texas could be said to have extinguished plaintiff's right of action in that state, it could have no such operation in this case, as it is only when the parties to the action reside in the state where the law extinguishes the cause of action during the full period of limitation, so that it has actually operated on the parties and on the case, that the statute of limitation can be pleaded in bar of an action in a foreign jurisdiction. Story, Conflict of Laws, p. 578; *Finnell* v. *Southern Kan. R. Co.*, 33 Fed. Rep. 427 (opinion by Judge Thayer.)

To sustain an action of trespass *vi et armis*, it is only necessary to show that the plaintiff had possession of the goods, or a general or special property in them, and a right to the immediate possession. *Huddleston* v. *Spear*, 8 Ark. 406; *Warner* v. *Capps*, 37 Ark. 32.

Appellant contends that there was no proof showing the value of the property taken by the deputy sheriff. We think there was. It was shown that the deputy sheriff gave receipts showing the articles taken, and the value of each, amounting in the aggregate to $358.25. Casteel, a witness for appellant, estimated the value of the articles taken to be $210. which, with interest to the date of the trial, would have amounted to about $240. The judgment was for $298.52.

We think the evidence was competent, and was for the jury, and we cannot disturb the verdict.

The judgment is affirmed.

BUNN, C. J., (dissenting.) It is not exactly clear from the the complaint whether the appellee, who was plaintiff in the court below, intended to sue Moores as an individual or in his official capacity as sheriff. If this suit is intended to be one against Moores as an individual, then there arises a question of some difficulty, and it is this: How can the appellant be held responsible for a trespass committed by another or others, but which he did not personally commit, and which he personally had nothing to do with, and knew nothing of, so far as the record shows, until it was committed. As an individual he had no deputy, although he might have an agent or a servant who, acting in the scope of his agency or service, might have involved the principal or master. But an official deputy is neither an agent nor a servant of a sheriff, for he has a fixed character by law. Whatever may be the present doctrine as to the liabiliiy of the principal for the torts of the agent, or of the master for those of the servant, one individual is not responsible for the acts of another, unless some such relation is established between them as that of principal and agent or master and servant, or else a direct complicity in the act itself. This being true, it follows by reason that when a plaintiff elects to sue one as an individual, he must confine himself to the conditions and relations which make the individual responsible as a defendant in his suit.

In the opinion of the court in this case it is stated, in substance, that "in trespass against a sheriff, in which he is declared against personally, and not as sheriff, it is held competent to prove that the defendant was sheriff, and that his deputy, as such, committed the trespass. And it is not necessary to prove that the defendant directed his deputy to seize the particular property in question;" citing 2 Hilliard on Torts, § 21, pp. 208 and 209, from which the foregoing statement is extracted. Mr. Hilliard cites *Poinsett* v. *Taylor*, 6 Cal. 78, in support of the doctrine of the text. On an examination of the California case, I find it founded on the following state of facts:

The plaintiff filed his complaint against the defendant, as sheriff of San Joaquin county, for trespass in seizing certain goods of plaintiff. A demurrer and answer being filed, the plaintiff filed an amended complaint, declaring against the defendant by name, and not as sheriff, to which the defendant pleaded the general issue. On the trial the plaintiff proved the property to be his, and then offered to prove that the defendant was sheriff, and that his under-sheriff took the property, and sold it on an execution against a third person, put in his hands by the defendant. This testimony was ruled out, on the ground that the issue to be tried was that made by the amended complaint and the answer thereto, and that the plaintiff could only show, as the case then stood, that the defendant himself actually took the property, or directed some other person to take the specific property. So far as it went, the trial court in that case ruled exactly as I contend that he should have ruled in case there was nothing else to effect his ruling as a final determination of the case. But on appeal to the supreme court of that state the lower court's ruling was reversed, but how and why? The court in delivering its opinion said: "Under any aspect of the case, the rulings of the court below were erroneous." It was unnecessary for the plaintiff to declare against the defendant as sheriff, although even this is sufficiently stated in the *first count* of the declaration. If the defendant had been only a *private individual*, it was competent for the plaintiff to prove that Webster, who committed the trespass, was agent or servant, and acting under his commands. The defendant also, in his answer, *assumes the responsibility of the act of his deputy, treats it as his own, and justifies it*. The judge trying the case should have let in all the evidence." No authority is cited. It is probable that the court was right on the pleadings and evidence in that case; for, even under our practice, the complaint against the individual might have considered as amended so as to suit the evidence, especially when the first paragraph of the complaint was held to be a sufficient declaration against the sheriff in his official capacity any way. It is easily seen, I think, that that case is no authority for the position that in a suit against one individually, which

is a transitory action, you can let in testimony to connect the defendant with the act complained of by showing him to have been a public officer, and that his legal deputy, as such, with process in his hands and by virtue of the same, committed the trespass, and in that way only connect the defendant with the commission of the act complained of. It is not denied that in such case the court might consider the complaint amended to suit the evidence, but such amendment must necessarily be construed as making the action against the defendant in his official capacity, and then the action would not be transitory, but local only. The doctrine of the California court that defendant might prove that Webster was the agent or servant of the defendant, and acting by his commands, establishes nothing, for it does not mean that the plaintiff might, in such case, prove that Webster was the deputy of the defendant, and as such was acting under his commands, for a deputy is no such unimportant person as that implies. In many respects a deputy does not act under the commands of the sheriff, but by virtue of the process in his hands, and otherwise in his discretion. It is true, the sheriff is civilly responsible for all damage done by his deputy in his official capacity, but that is another question, only to be solved in a suit directly against the sheriff in his official capacity. I take it, therefore, that this suit was intended to be against Moores as sheriff of Bowie county, Texas, for otherwise he could not be connected with the trespass. I take it also that he was merely found in Arkansas, while still domiciled in Texas; and as a suit against him as sheriff I will discuss the case in that aspect.

Unlike Arkansas, Texas has no statute fixing the venue of suits for trespass and damages against sheriffs by name, but section 1198, Revised Statutes, 1879, of that state, sub-division 8, reads thus: "Where the foundation of the suit is some crime or offense or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where such crime or offense or trespass was committed, or in the county where the defendant has domicile." According to this, no action for trespass is transitory by the laws of Texas, and the common law has been changed in that respect, for one charged with having committed trespass must be served in the

county in which the trespass was committed, or else in the county where he is domiciled or residing at the time of the service of summons upon him; and not where he may be found, as is said in reference to service of summons in transitory actions. In this state a sheriff can be sued in his official capacity for acts done under color of his office in the county where the cause of action arose, or some part of it. Sec. 5685 of Sand. & H. Dig. Actions in either state against a sheriff, as such, are therefore local, and not transitory, and this action should not have been instituted against Moores, as sheriff, in this state, and, if it was really against him, the judgment should be reversed. The Texas law should govern in each case; and not only so, the judgment against him as sheriff should have been reversed under our law, and the judgment against him as an individual was not sustained by competent testimony, and therefore should have been reversed.