SLOAN *v.* BUTLER.

Opinion delivered March 28, 1921.

TROVER AND CONVERSION.—One whose property has been unlawfully converted may recover its value from the tort-feasor, regardless of an opportunity to recover possession of the property from another.

Appeal from Crawford Circuit Court; *Jas. Cochran,* Judge; reversed.

*Starbird & Starbird,* for appellant.

The court erred in both instructions, Nos. 1 and 3. The theory of defendant was, and the court sustained him in that theory, that if afterward plaintiff, even after suit was brought, had an opportunity to recover his mule and did not do so but still pursued the defendant, he lost his action by his own negligence. But this is not the law. The proposition is well settled that defendant, having once converted the property, is liable for his conversion, regardless of the owner's opportunity to otherwise save himself. 28 Cyc. 2060; 29 Ark. 365; 37 *Id.* 32; 39 *Id.* 387; 89 *Id.* 342. The errors were misleading and prejudicial.

HUMPHREYS, J. Appellant instituted suit against appellee before a justice of the peace in Crawford County, Arkansas, to recover $50 on account of the alleged unlawful conversion by appellee of a mule belonging to appellant.

Appellee denied that he unlawfully converted the mule, and the trial upon this issue resulted in a judgment in favor of appellee, from which appellant prosecuted an appeal to the circuit court of said county.

In the circuit court the cause was submitted to a jury upon the pleadings, evidence and instructions of the court with like result. An appeal from the circuit court judgment has been duly prosecuted to this court.

The record disclosed that the mule in question was owned by appellant; that its maximum value was $50; that it escaped from his pasture and wandered away.

There was evidence tending to show that appellee later found the mule trespassing upon his land, took it up, and, without complying with the estray laws, sold or gave it to Everett Riddle. There was also evidence tending to show that Everett Riddle himself took the mule up without the assistance of appellee, and retained possession thereof.

Appellant testified that he made no effort to recover the possession of the mule from Riddle because he had already instituted suit against appellee for converting it.

Over the objection and exception of appellant, the court sent the case to the jury upon the theory that he had no right to recover damages from appellee for the unlawful conversion of his mule if he could have recovered the mule from Everett Riddle and failed to do so. One whose property has been unlawfully converted may recover its value from the tort-feasor, regardless of an opportunity to recover the possession of the property. *Norman* v. *Rogers,* 29 Ark. 365; *Warner* v. *Capps,* 37 Ark. 32; 38 Cyc. 2060.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.