FINNELL *v.* SOUTHERN KAN. RY. CO.

*(Circuit Court, W. D. Missouri, W. D.*   January 12, 1888.)

LIMITATION OF ACTIONS — REMOVAL OF PLAINTIFF TO ANOTHER STATE — STATUTE OF SISTER STATE.

> Under Gen. St. Kan. 1868, *c.* 80, art. 3, § 18, an action for personal injuries must be brought within two years after the cause of action accrues, and section 25 extinguishes the cause of action after that time. The plaintiff sustained personal injury in Kansas, and immediately went to Missouri, of which state he was a resident, and there resided until trial, and did not bring action until more than two years had elapsed. *Held,* that the statutes of Kansas would not bar an action given by the common law, unless both parties resided in that state during the full period of limitation.

On Exceptions to the Evidence.

Action by John K. Finnell against the Southern Kansas Railway Company for personal injuries sustained. The defendant offered in evidence the Kansas statute of limitations. The plaintiff objected thereto.

Plaintiff sued the defendant for personal injuries sustained in the state of Kansas, May 16, 1884, by falling off of the platform connected with one of defendant's station-houses on the line of its road. At the time of the accident plaintiff was a citizen of Missouri, and returned to his home in Missouri immediately after the accident, where he continued to reside until the day of trial. Defendant is a Kansas corporation, and operates a line of road extending from Kansas City, Missouri, to Harper, Kansas. Under the laws of Kansas, an action for personal injuries is barred after the lapse of two years. *Vide* chapter 80, art. 3, § 18, subd. 3, Gen. St. Kan. 1868. Section 25 of the same article reads as follows: "When the right of action is barred by the provisions of any statute it shall be unavailable either as a cause of action or ground of defense." ,

This suit was brought in the circuit court of the United States for the Western division of the Western district of Missouri, more than two years after plaintiff sustained the injury in question. On the trial defendant's counsel pleaded and offered in evidence the various sections of the Kansas statutes above stated, as a bar to the action.

*Gates & Wallace,* for plaintiff.

*Gardiner Lathrop* and *Geo. W. McCrary,* for defendant.

THAYER, J., *(orally, after stating the facts.)* Referring to the objection made last evening to the introduction of the Kansas statute of limitations, I will say that in my judgment section 25, art. 3, c. 80, was intended to extinguish a cause of action after the lapse of the statutory period of lim-

itation, and not merely to bar the remedy. I can conceive of no other purpose to be subserved by the adoption of the section in question; unless it was to extinguish the cause of action as well as to bar the remedy. Judge Story, in his treatise on the Conflict of Laws, appears to have been the first text-writer who noted the distinction between statutes of limitation that bar the remedy and those that extingush the cause of action. At page 487 the author says, in substance, that when a statute of limitations *extinguishes the debt or cause of action* after the lapse of a certain period, such a statute may be pleaded in a foreign jurisdiction as a bar to the cause of action or debt when there sued on, provided the parties continue to reside in the state where the law extinguishing the cause of action prevails—*during the full period of limitation*, so that it has actually operated on the parties and on the case. The rule stated by Judge Story, as restricted by the proviso, was approved by TINDAL, C. J., as a reasonable rule, especially in view of the proviso, in the case of *Huber* v. *Steiner*, 2 Bing. N. C. 202. The same rule, with the limitation that both parties have resided in the state where the law prevails for the full statutory period, and have been operated upon by the statute, is also stated as the correct rule in Wood, Lim. 22.

So far as I can find, from the limited examination I have made, there is no warrant in the authorities for the remark made by Judge HOLMES in *Baker* v. *Stonebraker*, 36 Mo. 349, that the qualification requiring residence of both parties within the jurisdiction for the full statutory period, as stated by Judge Story, and approved by TINDAL, C. J., only applies where the statute invoked expressly requires such residence within the jurisdiction, or excepts parties from its operation in case of absence from the jurisdiction where the law prevails. That remark, as it seems to me, was also unnecessary to the decision in that case. The suit was on a Maryland judgment, which could have no greater force and effect in Missouri than in Maryland, where it was rendered; and as in Maryland, after the lapse of 12 years, there was a conclusive presumption of payment, regardless of the residence of the judgment debtor in the mean time, it was held that no effect could be given to it in Missouri other than as a paid judgment. As I understand, that, in the end, is all that that case decides. Some cases have been cited by counsel to the effect that where title to personal property has been acquired under the limitation act of a state which has the effect in such state of creating a title—as some limitation acts do, that a title so acquired must be respected everywhere. Such was the case of *Shelby* v. *Guy*, 11 Wheat. 361. That class of cases turn upon a different principle than is involved in this case. Title to personal property may, of course, be transferred by operation of the laws of the place where it is situated and when the title is once acquired under such laws it must be recognized in all other jurisdictions to which the property is subsequently taken. *Jones* v. *Jones*, 18 Ala. 248.

There is also another class of cases in which a cause of action, which does not exist at common law, is created by the laws of a state. Causes of action of that character only exist in the manner and form and for the length of time prescribed by the statutes of the state which created them,

and if suit is brought on such causes of action in a foreign jurisdiction the limitation act of the state which created the cause of action may, of course, be pleaded. *Boyd's Adm'r* v. *Clark,* 8 Fed. Rep. 849.

The rule is different, however, with respect to actions given by the common law. As suits may be brought upon causes of action arising under the common law wherever service can be obtained, it is difficult to understand how a statute of limitation of one state, even though it extinguishes a cause of action after the lapse of a certain period, can have any extraterritorial effect unless both parties to be affected by the statute reside within the state where the law prevails for the full statutory period. In that event, if they remove to a foreign jurisdiction and suit is brought upon the cause of action, it is reasonable to hold them bound by the laws of the state under which they both lived and which extinguished the cause of action before they removed therefrom. As soon as the plaintiff in the suit at bar sustained the injury of which he complains, he returned to the state of Missouri, of which state he was a resident. He had a cause of action for the wrong done him under the laws of this state, and under the laws of every other state where the common law prevails, *the moment the injury was sustained,* although it was sustained in Kansas; and the statute of Kansas did not, in my opinion, extinguish that cause of action in Missouri because he did not remain for the period of two years subject to the operation of that statute.

The result is that the objection to the admission of the Kansas statute will be sustained.