## JOHNSTON *v.* CANADIAN PAC. RY. CO.

*(Circuit Court, D. Vermont. June 20, 1892.)*

**1. MASTER AND SERVANT—NEGLIGENCE—RAILWAY BRAKEMAN.**
　　The mere starting of a freight train unexpectedly to a brakeman, who is thereby thrown from the rear car, is not actionable, unless such starting was suddenly, violently, or negligently done.

**2. SAME—INCOMPETENT CONDUCTOR—PLEADING.**
　　A brakeman, suing for personal injuries alleged to result from the known incompetency of the conductor, need not set out the particulars of the conductor's incompetency.

**3. SAME—LIMITATION OF ACTIONS—CONFLICT OF LAWS.**
　　In an action in Vermont by a railway brakeman against the company for personal injuries occasioned in the province of Quebec, Can., defendant in its pleas set out "a general law of the province of Quebec," "that all suits for any damage or injury sustained by reason of the railway shall be instituted within 12

months." *Held*, that this was a mere general statute of limitations, and as the right of action is given by the common law, and not by the statute, the statute of limitations of Vermont should govern.

At Law. Action by William Johnston against the Canadian Pacific Railway Company to recover for personal injuries. Heard on demurrers, pleas, and replication.

*Gilbert A. Davis*, for plaintiff.

*Joel C. Baker*, for defendant.

WHEELER, District Judge. The plaintiff has declared in two counts, —one for being thrown from the rear car of a freight train of the defendant, where he had been placed as a brakeman, under the caboose which had been detached and was following slowly, by the, to him, unexpected starting forward of the train ordered by the conductor representing the defendant; the other for being so thrown through incompetency and unfitness of the conductor, known before to the defendant. To these counts the defendant has pleaded the statute of limitations of the province of Quebec, in which the cause of action accrued, of one year upon such causes of action, both with and without alleging residence of the plaintiff in that province. The plaintiff has traversed the residence in those pleas alleging it, and demurred to those not alleging it; and the defendant has demurred to the traverse. The demurrers reach back to the first defect in the pleadings, and bring in question the sufficiency of the declaration, and the operation of this statute.

The gist of this action is negligence; and, although the starting forward of the train is alleged to have been done by direction of a representative of the defendant, it is not alleged to have been done suddenly, or violently, or negligently, otherwise than as it is alleged to have been done unexpectedly to the plaintiff. Therefore nothing actionable is alleged in the first count, unless a brakeman at the top of the rear car of a freight train is entitled to notice before the train is started forward, and to start it unexpectedly would, of itself, if injurious to him, be actionable. But freight trains must necessarily be, at times, slowed up and started up; and, if carefully done, the starting up would furnish no ground of action, although done unexpectedly to such a brakeman. The first count fails, therefore, to set out any actionable negligence, either in doing what should not have been done or in negligently doing what was done.

To furnish competent, fit conductors, or those reasonably supposed to be such, was a duty resting on the defendant. *Railway Co.* v. *McDaniels*, 107 U. S. 454, 2 Sup. Ct. Rep. 932. The second count sets forth a failure to fulfill this duty, and an injury to the plaintiff through that. The particulars of the incompetency or unfitness are not set out. That they should be is argued to be necessary, because actionable negligence must be set out. But the negligence of the conductor is not what is actionable; that of the defendant, in placing such a conductor over the plaintiff, is. The conductor was an instrument whose defects need not be with particularity described. *Barber* v. *Essex*, 27 Vt. 62. Besides

this, his incompetency and unfitness may be understood to relate to starting up a train unexpectedly to brakemen situated as the plaintiff is alleged to have been. This count seems to be sufficient.

That the statutes of limitation of the forum, and not those of the place, generally prevail, is not, and could not well be, disputed. *M'Elmoyle* v. *Cohen*, 13 Pet. 312. But that the effect of the law of the province is to give a cause of action for a year only, as some contracts do, is urged. *Riddlesbarger* v. *Insurance Co.*, 7 Wall. 386. The action, however, is founded upon the common law, which is understood to prevail everywhere, and not upon any peculiar law of the place, which would have to be pleaded. The statute relied upon is set out in the pleas as "a general law of the said province of Quebec," "that all suits, for any damage or injury sustained by reason of the railway, shall be instituted within twelve months next after the time that such supposed damage is sustained, and not afterwards." This seems to be an ordinary statute of limitation, not affecting the cause of action in any way, but only the time within which a suit upon it, in the courts where the law prevails, must be brought. The pleas are therefore bad here. Bad pleas would be good enough for a bad declaration, but as one count in this declaration is good, and the pleas profess to answer both, the demurrer to the pleas must be sustained; and, as a bad replication is good enough for a bad plea, the demurrer to the replication must be overruled. Demurrer to pleas sustained, and those pleas adjudged insufficient. Demurrer to replication overruled.