INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. G. B.
VANDEVENTER.

Decided January 8, 1908.

1.—Carrier—Interstate Contract of Shipment—Limiting Liability—Cases Distinguished.

A common carrier cannot by contract relieve itself from liability for loss or injury arising from its negligence, and this is the rule whether the shipment be interstate or domestic. A stipulation by a common carrier in a contract for the shipment of live stock executed in Indiana, that the liability of the carrier in case of injury to the stock should be limited to a certain agreed amount, the same being less than the injury in fact sustained, will not be enforced in this State when such loss arises from the negligence of the carrier, unless the facts pleaded and proved show that the contract was reasonable and was fairly made and entered into. Ry. v. Hambrick, 17 Texas Ct. Rep. 244, and Ry. v. Thompson, 100 Texas, 185, distinguished.

2.—Contract—Validity—Lex Loci.

The law of the place where a contract is entered into will govern its enforcement, unless an intention is apparent that the law of the place of performance or partial performance should control, or unless in conflict with the statutory law or settled policy of the State where it is sought to be enforced.

3.—Appeal—Insufficient Assignment of Error.

An assignment of error that "the verdict of the jury is contrary to and against both the law and the evidence, and is unsupported thereby," is insufficient to require consideration on appeal.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant; *N. A. Stedman* and *John M. King,* of counsel.—It having been affirmatively alleged by defendant that the shipment involved in this suit was interstate, that the contract for said shipment was executed in the State of Indiana, under and by virtue of the laws of said State, that each and all of the terms and stipulations contained in said contract were just and valid and available as defenses, the court erred in sustaining plaintiff's special exception, to the effect that the stipulation in said contract fixing a maximum of plaintiff's recovery was contrary to public policy and law and therefore void. The sustaining of said special exception was error because under the law defendant was entitled to have said contract construed according to the law of the place where made. St. Louis, I. M. & S. Ry. Co. v. Hambrech, 17 Texas Ct. Rep., 244; Chicago, R. I. & P. Ry. Co. v. Thompson, 16 Texas Ct. Rep., 979; Shieck v. Shieck, 32 Texas, 587; 4 Elliott on Railroads, p. 2329; Sutherland on Statutory Construction, sec. 47.

*Henderson & Lockett,* for appellee.

FISHER, CHIEF JUSTICE.—This was a suit by G. B. Vandeventer against the International & Great Northern Railroad Company to recover damages alleged to have been suffered by a stallion belong-

ing to plaintiff while being unloaded at destination, a station on the line of the defendant. Plaintiff alleged that said animal was shipped by him from LaFayette, Indiana, on or about February 23, 1905, and after being safely transported over the lines of other carriers, was delivered to the defendant at Longview, Texas, about March 1, and by it carried to Rockdale, Texas. That in unloading said animal at said place defendant negligently failed to properly arrange the means or appliances for unloading and that by reason of such alleged failure, said stallion was injured while being removed from the car.

Defendant interposed a general demurrer, special exceptions, and a general denial, and, by way of answer, plead that said stallion was shipped from LaFayette, Indiana, under and by virtue of a certain written contract executed by plaintiff at said place, and alleged and relied upon the terms and stipulations of said contract as being binding upon plaintiff and available as defenses to defendant. Among other things defendant specially plead that plaintiff, under the terms of said contract, was bound to load and unload said animal, that said shipment was an interstate shipment, and that under said contract plaintiff had expressly limited his recovery for loss to the maximum sum of $100.

In replication plaintiff filed his first supplemental petition to defendant's amended original answer, interposing a general demurrer, special exceptions and a general denial.

There was a trial before court and jury October 23, 1906, resulting in a verdict and judgment for plaintiff in the sum of $500.

The horse in question was shipped from LaFayette, Ind., under a contract of shipment there entered into between the appellee and the Wabash Railroad Company, to Rockdale, Texas, a station on the line of the appellant's road. The appellant received the horse as a connecting carrier at Longview, Texas, and was entitled to the benefits of the original contract of shipment if its terms could be given effect in order to limit or relieve it from liability for the injury occasioned by its negligence. The contract contained a stipulation limiting liability to a sum not exceeding one hundred dollars, and contained a stipulation that the carrier could be held liable only in the event of gross negligence. The horse reached Rockdale in good order, and was by the negligence of the appellant, substantially as pleaded, injured while being unloaded from the car at that place. The plaintiff was present when the horse was unloaded, but the unloading was under the direction and supervision of appellant's agents. The horse was a valuable stallion, purchased for breeding purposes, and the evidence shows he was worth between $1500 and $2000; and the petition alleges his value to be many hundred dollars more than the sum agreed upon in the shipping contract. There is evidence which shows that the value of the horse, by reason of the injuries sustained in unloading, was lessened a sum equal, if not greater, than that found by the verdict.

Appellant's first and second assignments of error complain of the action of the trial court in sustaining plaintiff's demurrers to the allegations of appellant's answer which seeks to limit its lia-

bility to only $100 and to liability only for gross negligence. A common carrier can not by contract relieve itself from liability from loss or injury arising from its negligence, and this is the rule whether the shipment be interstate or domestic. New York Cent. Ry. v. Lockwood, 17 Wall., 357; Chicago, M. & St. P. Ry. v. Solan, 169 U. S., 133; The Kensington, 183 U. S., 266; Pennsylvania Ry. v. Hughes, 191 U. S., 484; Missouri Pac. Ry. v. Harris, 67 Texas, 169; Southern Pac. Ry. v. Maddox, 75 Texas, 303; Galveston, H. & S. A. Ry. v. Ball, 80 Texas, 605; Ft. Worth & D. C. Ry. v. Great- house, 82 Texas, 110; Texas & Pac. Ry. v. Richmond & Tiffany, 94 Texas, 576; Southern Kansas Ry. v. Burgess, 90 S. W., 191 and 193; St. Louis S. W. Ry. v. McIntyre, 36 Texas Civ. App., 399; St. Louis, I. M. & S. Ry. v. Moon, 103 S. W., 1176. This is the rule that prevails in this State, and is recognized by the Supreme Court of the United States, qualified, however, by the decisions of the latter court to the effect that an agreement as to the value of the article shipped, if reasonable and fairly entered into, will be enforced (Railway v. Hughes, and cases there cited), but that in such a case no Federal question arises, as Congress has not legislated upon that subject and brought it within the purview of that pro- vision of the Constitution which authorizes Congress to legislate concerning commerce between the States; and, for this reason, the Federal courts will follow the decisions of State courts where the question is to be determined. In this State it has been definitely decided that a restriction as to liability less than the true or market value of the property lost or damaged, will not be enforced when such loss arises from the negligence of the carrier. (Railway v. Ball; Railway v. Greathouse, *supra.*) But if it could be admitted that a carrier and shipper could by contract limit the liability of the road to less than the real or market value of the property, the facts pleaded and proven must show that the contract was reason- able and was fairly made and entered into.

The answer in this case sets out the terms of the contract, but none of the facts connected with its execution are alleged, except the general statement that it was valid and just under the laws of Indiana, and, unless we are required to apply the laws of that State in construing the contract, there was no error in sustaining the demurrers. In Missouri Pac. Ry. v. Harris, 67 Texas, 171, it is said: "The sufficiency of the answer must be determined by the case made by the petition, and that it might be a good answer to some case is not sufficient. The answer must present a defense to the case made by the petition. If the answer does not show that under the facts existing the limitation on the carrier's liability sought to be imposed by the special contract was reasonable in its character, then the answer was not sufficient."

But it is insisted that as the limitation upon liability was lawful under the laws of Indiana where the contract was entered into, it must be construed with reference to those laws. Of course, as a general rule, it is conceded that the law of the place where the con- tract is entered into will govern, subject, however, to an apparent intention that the law of place of performance or of partial per-

formance should apply; or subject to the exception that the State where it is performed and enforced will not apply the law of the State where executed when such law conflicts with statutory law or a settled rule of policy that prevails in the State where sought to be enforced. We have a statute in this State which prohibits the carrier from limiting its common law liability, but by reason of the peculiar language in which it is framed, it has been definitely settled that it applies only to the local business of the carrier within this State. Texas & P. Ry. Co. v. Richmond & Tiffany, 94 Texas, 575. It is well to say that it is apparent from the opinion delivered in the case cited that it was not the purpose to disturb Gulf, C. & S. F. Ry. v. Dwyer, 75 Texas, 572; Armstrong v. Galveston, H. & S. A. Ry. Co., 92 Texas, 117; Gulf, C. & S. F. Ry. v. Eddins, 7 Texas Civ. App., 116, and other like cases, where it was held that certain State statutes were applicable to interstate shipments. Therefore, while this statute could not affect an interstate shipment, it may be looked to, with the decisions of our courts, as establishing a policy within this State restrictive of the right of the carrier by contract to avoid liability for its negligence. This view is well illustrated in Pennsylvania Ry. v. Hughes, 191 U. S., 484, where it is in effect held that the statutes of a State or the judicial decisions of its courts may create and mould the policy of the State upon a given subject. And there it was held that the rule of policy that prevailed in Pennsylvania, which denied the right of the carrier to limit its liability to less than the real value, would be given effect when the loss occurred in that State and suit was brought there, although the contract of shipment was entered into within the State of New York, and was there valid under its law, which allowed the carrier to limit its liability. The principle is recognized in The Kensington, 183 U. S., 270; Building & Loan Ass'n v. Griffin, 90 Texas, 490; St. Louis S. W. Ry. v. McIntyre, 36 Texas Civ. App., 399; St. Louis, I. M. & S. Ry. v. Moon, 103 S. W., 1177.

It is clear from these decisions, and those previously cited, together with such legislation as we have upon the subject, that it is the settled policy with us that a carrier may not, by contract, escape liability for injury or loss that arises from its negligence; and that a contract that contravenes this policy will not be enforced. The present case is unlike St. Louis, I. M. & S. Ry. v. Hambrick, 17 Texas Ct. Rep., 244, and Chicago, R. I. & P. Ry. v. Thompson, 100 Texas, 185, cited in appellant's brief. There the contracts were executed out of the State and loss occurred in another State, and the mere fact that suits were brought within this State did not require an application of the policy that prevails here. In this case it is apparent that when the contract was entered into it was contemplated that, in part, it should be performed in Texas; and in this case it is shown that the injury occurred within this State by the negligence of the appellant in unloading the animal at the place of destination.

Our findings of fact dispose of appellant's third and fourth as-

signments of error. But, however, the questions of fact presented by the third assignment are not properly raised so that we are required to pass upon same. The assignment of error is broad, but the complaint in the motion for new trial as to verdict not being supported by the evidence is narrow. It is merely to the effect that "the verdict of the jury is contrary to and against both law and the evidence, and is unsupported thereby." In International & G. N. Ry. v. McVey, 81 S. W., 1001, and cases there cited, it is held that an objection so general was not sufficient to call the attention of the trial court and this court to the supposed question raised.

*Affirmed.*

Writ of error refused.