## HOME INS. CO. et al. v. DICK.

## COMPANIA GENERAL ANGLO–MEXICANA DE SEGUROS, S. A., v. SAME.

### (Nos. 9156, 9157.)

Court of Civil Appeals of Texas. Galveston. May 3, 1928.

Rehearing Denied May 24, 1928.

1. **Limitation of actions** ⬤⇒2(2)—**Provision in insurance contract, entered into in Mexico, limiting suit on contract to one year, though valid under Mexican law, held unenforceable in suit by resident (Commercial Code of Mexico, arts. 1038, 1039, 1043; Rev. St. 1925, art. 5545).**

Provision in policy of marine insurance entered into in Mexico, requiring commencement of suit within one year, following Commercial Code of Mexico, arts. 1038, 1039, 1043, *held*

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

void and unenforceable, under Rev. St. 1925, art. 5545, providing that stipulations imposing shorter limitation period in contract than one year shall not be valid, where plaintiff had not resided in Mexico during any part of the period.

**2. Limitation of actions ⊛⟹2(1)—Provisions in contract limiting time for suit are governed by law of forum.**

Provisions of contract merely fixing limitation of time within which suit must be brought refer only to mode of enforcement of cause of action, and are governed by law of the forum, as distinguished from the law of the place of making the contract.

**3. Constitutional law ⊛⟹171, 308—Limitation of actions ⊛⟹4(2)—Statute making limitation provisions of contracts void held not to impair contract or deny due process as regards foreign contracts (Rev. St. 1925, art. 5545; Const. U. S. art. I, § 10; Const. U. S. Amend. 14).**

Rev. St. 1925, art. 5545, making provisions in contract limiting time for suit to shorter period than two years void, *held* not to violate Const. U. S. art. 1, § 10, as impairing obligation of contracts, or to deny due process of law under Const. U. S. Amend. 14, as regards contracts entered into in foreign state in which limitation provision is valid.

**4. Limitation of actions ⊛⟹4(1)—State may prescribe limitation periods and refuse to recognize shorter limitation as to contracts made within jurisdiction or sought to be enforced there.**

State may pass laws prescribing limitation periods, and may refuse to enforce provisions for shorter limitation in contracts entered into within its jurisdiction or sought to be enforced there.

**5. Limitation of actions ⊛⟹2(1, 3)—Law of forum controls as to limitation, unless both parties resided in state where contract was made, or injury done, for full period of limitation there prescribed.**

In order that period of limitation prescribed by law of state where contract was made or injury done shall control as against law of forum, both parties must have resided in state of the contract or injury for the full period of limitation prescribed.

**6. Limitation of actions ⊛⟹2(1)—That a limitation period prescribed in contract is valid under law of place of making does not require its enforcement where contrary to public policy of forum.**

That a limitation period prescribed in contract is valid according to law of place where contract is made does not require enforcement thereof where contrary to public policy of the forum as expressed in its statute.

**7. Insurance ⊛⟹665(4)—Evidence held to sustain finding in suit on marine policy that vessel burned was total loss.**

Finding that vessel burned was total loss within meaning of policy of marine insurance *held* sustained by evidence in suit on policy.

**8. Garnishment ⊛⟹34—Insurance ⊛⟹679—Contracts of reinsurance covering marine risk held to indemnify against liability, rendering reinsurers liable as garnishees in suit on policy for loss.**

Contracts of reinsurance of marine risk, reciting, "Please be advised that we have bound reinsurance as follows," *held* contracts of indemnity against liability and not against loss only, and debts arose under them between reinsurers and original insurer immediately upon the happening of the loss by fire under the policy, as regards liability of reinsurers as garnishees in suit on policy.

Appeal from District Court, Galveston County; C. G. Dibrell, Judge.

Suit by C. J. Dick against the Compania General Anglo-Mexicana de Seguros, S. A., in which garnishment proceedings were instituted against the Home Insurance Company and another, and the Texas & Gulf Steamship Company and another intervened. From judgments for plaintiff and interveners, defendant and garnishees appeal. Affirmed.

Terry, Cavin & Mills, of Galveston, for appellants.

Lockhart, Hughes & Lockhart, Williams, Neethe & Williams, and John L. Darrouzet, all of Galveston, for appellee.

GRAVES, J. A statement in these causes, which have been submitted and considered as one, acquiesced in by the appellees as being correct, is thus taken in full from the brief for appellants:

"C. J. Dick filed suit in the district court of Galveston county against Compania General Anglo-Mexicana de Seguros, S. A. (which will hereafter be called, for brevity's sake, the Mexican insurance company), to recover $35,000 on a policy of insurance issued by the Mexican insurance company on the tug R. Waverly, alleging that the vessel had caught on fire in Tampico, Mexico, and become a total loss, and that thereby the policy matured for the face thereof. The Mexican insurance company was a corporation incorporated under the laws of Mexico, and had no agent in this state. Appellee Dick sued out ancillary writs of garnishment against the Home Insurance Company and the Franklin Fire Insurance Company, as garnishees of the Mexican insurance company. The Home Insurance Company and the Franklin Fire Insurance Company will hereafter be designated the American insurance companies. The affidavit for garnishment was in statutory form.

"Inasmuch as many of the questions presented in these appeals are common to both the Mexican insurance company and the American insurance companies, this brief will be presented for all of them, with such additional portions as may be applicable to the garnishees alone.

"The Texas & Gulf Steamship Company and Suderman & Young were allowed to intervene in the suits. The American insurance companies, as garnishees, answered, denying any in-

debtedness to the Mexican insurance company. The plaintiff filed a controverting affidavit, alleging that each of the American insurance companies was indebted to the Mexican insurance company in the sum of $15,000, on the ground that, shortly after the issuance of the policy by the Mexican company, it had reinsured its obligation assumed thereby with each of the American companies to the extent of $15,000, and that hence each of the American insurance companies was indebted to the Mexican insurance company in that amount.

"The garnishees answered the controverting affidavit as follows: That it is not true that, by reason of the contract of reinsurance existing between these garnishees and the defendant herein, there became due and payable from the garnishees to said defendant the sum of $15,000 from each of these garnishees, but that, to the contrary, the liability of these garnishees to said defendant is solely to indemnify it against any loss or judgment that it might have to pay upon said policy of insurance; that it is not true that these garnishees each have in their possession the sum of $15,000 belonging to the defendant Compania General Anglo-Mexicana de Seguros, S. A.

"These garnishees further respectfully show to the court that the only manner in which it is claimed that this court has jurisdiction over the defendant is by these garnishees, and the filing of a certain suit in this court numbered 39643, and entitled C. J. Dick v. Compania General Anglo-Mexicana de Seguros, S. A., in which suit there has been no actual service upon said defendant, but only constructive service by publication, and these garnishees are entitled to urge in this proceeding any defense that the said defendant might urge in said suit numbered 39643, and for such defense these garnishees allege:

"That plaintiff and intervener ought not to have or maintain said suit numbered 39643 against said defendant, or have or maintain this garnishment against these garnishees or either of them, because:

"(1) The policy of insurance mentioned in and declared upon by plaintiff's petition herein, and by the intervener, contained a stipulation and provision reading as follows: 'It is understood and agreed that no judicial suit or demand shall be entered before any tribunal for the collection of any claim under this policy, unless such suits or demands are filed within one year, counted as from the date on which such damage occurs.'

"That said policy was issued in the Republic of Mexico, and that the above-quoted provision thereof was and is valid and enforceable under the laws of the Republic of Mexico, and that said contract was performable and intended to be performed in Mexico, and the clause above quoted is and was valid as a defense to any suit brought to recover on said policy after the expiration of one year from the date of the accrual of the cause of action or damage to the vessel mentioned in plaintiff's petition. That this suit was not filed within one year from and after the accrual of said cause of action, and these garnishees here now specially plead said facts and the said provision and stipulation of said policy in bar of plaintiff's cause of action herein asserted against them and in bar of the plaintiff's cause of action asserted in said suit numbered 39643.

"(2) The contract sued on by plaintiff in said suit numbered 39643 was made in the Republic of Mexico, and intended to be performed in the Republic of Mexico, and was subject to the laws of the said Republic of Mexico, which contain certain provisions in articles 1038, 1039, and 1043 of the Commercial Code of the Republic of Mexico, and which was in force at the time of the issuance of said policy, and at the time of the accrual of plaintiff's cause of action herein, and which read as follows:

"Article 1038. 'The rights of action derived from commercial acts shall be subject to prescription in accordance with the provisions of this Code.'

"Article 1039. 'The periods fixed for the enforcement of rights of action arising out of commercial acts shall be fatal except restitution against same is given.'

"Article 1043. 'One year shall prescribe actions derived from contracts of life insurance, sea and land.'

"That, under and by virtue of the above-quoted provisions of the Mexican laws, any cause of action such as that asserted by plaintiff herein is and was barred if no suit was instituted thereon within one year from the date of the accrual thereof, and these garnishees here now specially plead that no suit was instituted on said policy against the said defendant within such one-year period, and plead such fact and the fact that said suit numbered 39643 was not instituted within said one-year period, nor were the garnishments in this proceeding sued out within one year from the accrual of the cause of action, and plead the provisions of said Commercial Code of the Republic of Mexico in bar of these garnishments, and of said suit numbered 39643, and pray that they may be hence dismissed.

"(3) These garnishees further specially plead that the policy declared on by plaintiff in said cause numbered 39643 was void from its inception because it was then represented to the defendant that the value of the vessel alleged to have been insured thereby was in excess of the amount of such policy and these garnishees allege that in fact said representations of plaintiff were not true, and the value of said vessel was not as much as the amount of said policy.

"(4) These garnishees allege that said vessel was not a total loss, and that, notwithstanding such fact, the said vessel was abandoned by plaintiff without notice to the defendant, in violation of the terms of the policy, and that it was the duty of plaintiff, under the terms of said policy, to repair said vessel at the cost and expense of defendant, and defendant is liable, if at all, only for the cost of such repairs, and not for the face of such policy.·

"The defendant, Mexican insurance company, answered in the main suit by pleading the same provisions as to limitation under the Mexican law, and the provisions of the contract and other defensive matters that were pleaded by the garnishees; this answer being filed by attorneys appointed by the court to represent the Mexican insurance company, which had been cited by publication.

"Appellee demurred to all of the allegations of the answers of the Mexican insurance company, and the garnishees, which set up contractual limitation and limitation under the laws of the Republic of Mexico. These demurrers were sustained by the court, and judg-

ment was rendered against the Mexican insurance company for $36,675 and against each of the American insurance companies, as garnishees, for $18,337.50. The court filed findings of fact and conclusions of law in both cases, as follows:

" 'I. I find that on the 18th day of March, 1921, the defendant, the, Compania General Anglo-Mexicana de Seguros, S. A., issued its policy No. 18098 to Charles B. Bonner of Tampico, Mexico, wherein said company insured the tug R. Waverly, also known as Waverly R., for a period of one year from the last-named date, for the sum of $35,000, the loss or damage under said policy being payable to the Texas & Gulf Steamship Company and C. J. Dick, as their respective interests might appear, and that the defendant received from the parties interested the full amount of premium demanded for the issuance of said policy.

" 'II. I find that, on May 24, 1921, all the right of Charles B. Bonner in said policy was transferred to A. W. Turner, and that on July 18, 1921, all the rights of A. W. Turner in said policy were transferred to and solely vested in the plaintiff C. J. Dick.

" 'III. I find that the plaintiff C. J. Dick had a beneficial and insurable interest in said vessel, and that said policy hereinabove described, as originally issued was for the benefit of the plaintiff C. J. Dick and the Texas & Gulf Steamship Company, according to the respective interests of said parties in said vessel, that thereafter Suderman & Young duly acquired an interest in said policy or the proceeds thereof.

" 'IV. I find that, while said policy was in full force and effect, and on the 27th day of July, 1921, the vessel insured under the policy hereinabove described took fire and was burned and sunk in the harbor of Tampico, Mexico, and thereby became and was a total loss; said facts being made known to the insurance company by the proof of total loss required by the policy.

" 'V. I find that on the 29th day of March, 1921, the duly authorized agents of the Home Insurance Company and the Franklin Fire Insurance Company in Mexico City issued notices to said companies that each of them was bound for reinsurance in the sum of $15,000, under the policy No. 18098, and that said notices of reinsurance and the premiums for the same were accepted and acted upon by the Home Insurance Company and the Franklin Fire Insurance Company.

" 'VI. I also find that the plaintiff and interveners have demanded payment of the defendant, and that no payment has ever made.

" 'VII. I find that C. J. Dick, the plaintiff, left Mexico, where he was temporarily sojourning, within about ten days after the total loss of the R. Waverly, and that he has never at any time been a permanent resident of the Republic of Mexico, but that he has at all times been a resident citizen of the state of Texas.

" 'VIII. I find that garnishments were issued in cause No. 39643, and that there is now in the hand of each of the garnishees, the Home Insurance Company and the Franklin Fire Insurance Company, $15,000, making a total sum of $30,000, belonging and due to the original defendant, Compania General Anglo-Mexicana de Seguros, S. A., in the hands of said garnishees, together with interest on said sum from December 3, 1923, on which date the gar-

nishees filed their answers in garnishment, wherein they denied that they were indebted to the original defendant, Compania General Anglo-Mexicana de Seguros, S. A.

" 'Conclusions of Law.

" 'I. I conclude as a matter of law that, by reason of the policy and the total loss of said vessel, and the proof of same, the plaintiff and those entitled thereto in connection with the plaintiff should have judgment for the amount of money brought within the jurisdiction of this court by garnishments issued in cause No. 39654.

" 'II. I further conclude that the plaintiff and the interveners, they having agreed among themselves as to the amounts due between them, should have judgment against the garnishees for the sum sequestered by garnishment, and which said sum is found to be due from the garnishees to the original defendant.' "

The record discloses no action other than by implication on the appellees' demurrers, the judgments going in their favor for the several sums awarded merely upon general recitations that the law and the facts were with them; joining in common cause, the insurance companies, both Mexican and American, assail them, in substance, upon these grounds:

[1, 2] (1) The court erred in not sustaining the contractual provision in the main policy involved, which in effect adopted article 1043 of the Commercial Code of Mexico having like effect, and expressly prohibited suit thereon unless it was brought within one year after the accrual of the cause of action; this provision being valid under the laws of Mexico where the contract was made, and this suit not having been filed within that period.

(2) The Texas R. S. art. 5545, would violate the Constitution of the United States, article 1, § 10, as well as the Fourteenth Amendment thereto, as impairing the obligations of a contract against the appellants and depriving them of their property without due process of law, were it construed to be applicable to the contract sued upon in the main case here, which contained the one-year limitation provision referred to.

(3) "The court erred in holding that the vessel was a total loss, within the meaning of the policy, and therefore erred in holding that appellee was justified in abandoning her, because the facts were totally insufficient to show any such total loss."

(4) The court erred in rendering the judgments, because the reinsurance agreements shown were contracts of indemnity only and not of liability.

We conclude that none of these contentions can be sustained. It is true that the policy was made in Mexico, was by its terms to be performed there, and further contained these provisions:

"It is understood and agreed that no judicial suit or demand shall be entered before any

tribunal for the collection of any claim under this policy, unless such suits or demands are filed within one year counted as from the date on which such damage occurs."

"The present policy is subjected to the dispositions of the Commercial Code in that it does not alter or modify the stipulations which that same contains."

It is also true that article 1043 of the Mexican Commercial Code thus referred to provided "one year shall prescribe actions derived from contracts of life insurance, sea and land," and that this fire occurred July 27, 1921, these suits on account thereof not having been filed until October 27, 1923, 2¼ years later; but these facts did not require at the learned trial court's hands the enforcement of the Mexican one-year period of limitation, the public policy of Texas, as declared by statute and judicial decision, being the other way. R. S. art. 5545; Ry. v. Hambrick (Tex. Civ. App.) 97 S. W. 1072; Ry. Co. v. Bryce, 49 Tex. Civ. App. 608, 110 S. W. 529; Ry. Co. v. Dysart, 62 Tex. Civ. App. 7, 130 S. W. 1047, writ of error refused. See, also, decisions of other Americans courts in Galliher v. Ins. Co., 150 Ala. 543, 43 So. 833, 124 Am. St. Rep. 83; Smith v. Association, 112 Va. 192, 70 S. E. 482, 38 L. R. A. (N. S.) 1019; Campbell v. City of Haverhill, 155 U. S. 617–620, 15 S. Ct. 217, 39 L. Ed. 283.

The statute cited is in this language; the underscoring being our own:

"No person, firm, corporation, association or combination of whatsoever kind shall enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. *And no stipulation, contract, or agreement for any said shorter limitation in which to sue shall ever be valid in this state.*"

Under this statute and these decisions, we cannot agree with the able counsel for appellants that "article 5545 does not make unlawful and contains no language showing that it was the intention of the Legislature to make unlawful any contract made in another state valid under the laws of such other state. Giving article 5545 its literal interpretation, it simply makes unlawful the entering into of a contract in this state by which the time to sue thereon is limited to a shorter period than two years. It will not be presumed without express language to such effect that the Legislature intended to prevent in Texas the enforceability of contracts made in another state, containing a provision entirely valid under the laws of such other state," in support of which the leading case relied upon is Railway v. Thompson, 100 Tex. 185, 97 S. W. 459, 7 L. R. A. (N. S.) 191, 123 Am. St. Rep. 798.

On the contrary, we think the quoted provision in this insurance contract must be held to be purely one of limitation, affecting the remedy only, not the substantive part of the agreement, and as such is controlled by and expressly denied enforcement under the quoted law of this state. The distinction between that provision and the one ruled upon in the Thompson Case appellants invoke is not only clearly made in that opinion, but in the later Hambrick Case, supra, is reiterated and practically applied; both classes of contractual clause being there involved. It simply is that stipulations for the giving of notice of a claim for damages under stated conditions constitute a valuable right going to the substance of the contract itself, while those merely undertaking to fix a limitation of time within which suit must be brought thereon are referable only to the mode of its enforcement in the courts of the country. As to the former, the lex loci contractus governs; as to the latter, the lex fori. Railway v. McIntyre, 36 Tex. Civ. App. 399, 82 S. W. 348; Sanger v. Organ Co., 21 Tex. Civ. App. 523, 52 S. W. 622; Railway v. Eddins, 7 Tex. Civ. App. 116, 26 S. W. 161; Railway v. Vandeventer, 48 Tex. Civ. App. 366, 107 S. W. 561; 37 C. J. 730, 731; Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084; Carrigan v. Semple, 72 Tex. 306, 12 S. W. 178; Bauserman v. Blunt, 147 U. S. 651, 654, 13 S. Ct. 466, 37 L. Ed. 316; Tel. Co. v. Purdy, 162 U. S. 339, 16 S. Ct. 810, 40 L. Ed. 991.

[3, 4] The constitutional objections too, we think, have been adversely predetermined by authorities that must be followed.

In Railway v. Eddins, supra, at page 164 of 26 S. W. col. 2 (7 Tex. Civ. App. 125), the underscoring being our own, the court said:

"It is the undoubted power of the state to pass laws prescribing periods of limitation in which remedies may be enforced, and to declare that limitation shall not within a certain time affect contracts that are made and entered into within its jurisdiction or *sought to be enforced there.*"

That doctrine has become the generally accepted one, as the cases cited and discussed by the learned court make manifest.

It has likewise been as widely held that one's constitutional rights are not affected by a statute which either shortens or lengthens the period of limitation, provided the bar under the pre-existing one has not already become perfect, and, in the instance of a reduction of the time, the change is not so great as to practically leave him no remedy at all—in either of which events there would be a deprivation of property without due process of law. Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; Landa v. Obert, 78 Tex. 46, 14 S. W. 297; Lewis v. Davidson, 51 Tex. at page 257; Smith v. Association, 112 Va. 192, 70 S. E. 482, 38 L. R. A. (N. S.) 1019.

In applying these principles to foreign contracts and statutes, the courts—somewhat

illogically, as appears to this court and contrary to what would have been its conclusion upon the facts here, had the question come to it as one of first impression—have gone so far as to hold that, in instances where one of the parties leaves the place of the contract before the bar of the foreign statute applicable to it has become complete, and either resumes his prior residence in or first becomes a citizen of another state or country, the limitation statute of the former, as to a cause of action not deriving its existence therefrom, will be inoperative in the courts of the latter; in other words, that the lex fori still controls, and that too, whether or not the foreign statute, in terms, extinguishes the debt or merely bars the remedy. Canadian Pacific Ry. Co. v. Johnston, 61 F. 738, 9 C. C. A. 587, 25 L. R. A. 470 (affirming [C. C.] 50 F. 886); Finnell v. Southern Kansas R. Co. (C. C.) 33 F. 427; Moores v. Winter, 67 Ark. 189, 53 S. W. 1057; Alexander v. Burnet, 5 Rich. (39 S. C. L.) 198; Hober v. Steiner, 2 Bing. (N. C.) 202, 29 E. C. L. 501, 132 Reprint, 80.

The first cited of these cases is perhaps the most nearly analogous one of them upon the facts to that at bar. Johnston, a resident citizen of the state of Vermont, sued the railway company, in the Vermont courts, more than one year after the accident for damages on account of personal injuries received while a brakeman for it on one of its trains in Canada. The statutes of Canada provided:

"Article 2262. The following actions are prescribed in one year: * * * For bodily injuries." "Article 2267. In all cases mentioned in articles * * * and 2262, the debt is absolutely extinguished and no action can be maintained after the delay for prescription has expired."

After disposing of other questions, the United States Circuit Court of Appeals said:

"But, without attempting to pass upon what may be the effect of the statute under all circumstances, it is sufficient to say that, assuming that it possesses its largest character, and is a statute of extinguishment, it constituted no defense to the suit of this plaintiff in the state of Vermont, because, during the plaintiff's residence in Canada, it had not become operative, and had not extinguished the debt, so far as courts in states foreign to Canada are concerned. The injury happened on September 6, 1890. The plaintiff was at that time a citizen of Vermont, but after the injury he remained in Canada until April, 1891, when he returned to his mother's and his own home, in Vermont, and remained there continuously thereafter. When, before a statute of limitations has become operative, by way of extinguishment of the debt, as between two citizens or residents of a state, one of the parties has permanently changed his national domicile, and become a citizen of a foreign state, the statute will not become an absolute bar, as an extinguishment in the courts of such foreign state. It cannot become, in the country to which he has removed, an absolute extinguishment, unless the parties resided in the country of the statute during the whole period of limitation."

In this instance, appellee Dick was never a citizen of Mexico, nor did he remain there long enough after the fire for the bar of the Mexican statute of limitation to become complete against his claim.

[5] This rule requiring the continued residence of both parties in the country or state where the contract was made, or the injury done, for the full period of limitation there prescribed, in order to make it controlling rather than the law of the forum, has been adopted by the courts of Texas, as well as those of other jurisdictions. Atchison, etc., Ry. Co. v. Mills, 53 Tex. Civ. App. 359, 116 S. W. 852; Smith v. Webb (Tex. Civ. App.) 181 S. W. 820; Finnell v. Southern Kansas R. Co. (C. C.) 33 F. 427; Williams v. St. Louis, etc., Ry. Co., 123 Mo. 573, 27 S. W. 387.

[6] Neither can it make any difference that the one-year limitation provision in this contract was valid under the laws of Mexico, because contrary to the expressed public policy of this state, as reflected in its quoted statute on that subject and the cited decisions of its courts. Knott v. Botany Mills, 179 U. S. 69, 21 S. Ct. 30, 45 L. Ed. 90; Asphalt Co. v. Petroleum Co. (D. C.) 222 F. 1007; Messersmith v. Fidelity Co., 232 N. Y. 161, 133 N. E. 432, 19 A. L. R. 877; 13 C. J. 426; Parchen v. Chessman, 49 Mont. 326, 142 P. 631, 146 P. 469, Ann. Cas. 1916A, 681.

[7] After a careful review of the evidence touching the matter, we conclude there was no lack of support for the court's finding that the vessel was a total loss within the meaning of the policy. While there was some testimony tending to indicate a retrieved value after some one had raised and repaired the old hull, even this was controverted, and there was neither a showing as to what the cost of the repairs had been nor as to whether that had in fact been greater than a prudent owner, which seems to be the legal test, would have undertaken. Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797; Corbett v. Ins. Co., 155 N. Y. 389, 50 N. E. 282, 41 L. R. A. 318; Livermore v. Ins. Co., 1 Mass. 264; 1 Am. & Eng. Ency. of Law (2d Ed.) 8; Rogers v. Ins. Co., 157 Mo. App. 671, 139 S. W. 265; Ins. Co. v. Fogarty, 19 Wall. 640, 22 L. Ed. 216; Ins. Co. v. Homewood, 32 Okl. 521, 122 P. 196, 39 L. R. A. (N. S.) 1182.

[8] The contracts of reinsurance of this risk issued by each of the garnishees to the main defendant, alike in substance and effect, were in this form:

"The Home Insurance Company, New York.

"Declaration No. 6.

"Please be advised that we have bound reinsurance as follows: $15,000, U. S. Cy. (part of $35,000. U. S. Cy.) on Waverly R., tugboat, in favor of Chas. B. Bonner, Tampico.

"Term: One year from the 18th March, 1921, to 18th March, 1922. Anglo-Mexicana Policy No. 18098. Item No. ———.

"Rate: 9%.

"Premium: $1,350.00 U. S. Cy.

"Closed Bord. 2."

(Exhibit No. 3.)

To each was also attached what was termed a bordereau, which contained a list of the vessels to which the reinsurance was to attach.

We think these contracts were clearly those of indemnity against liability, not against loss only, and that debts arose under them between the reinsurers and the original insurer immediately upon the happening of the loss by fire under the policy sued on; that being true, and the garnishees being subject to the court's jurisdiction through local agents at Galveston, judgment was properly rendered on the finding against all the defendants. Merc. Co. v. Weber, 49 N. D. 312, 191 N. W. 620, 27 A. L. R. 1395; Railway v. Swartz, 53 Tex. Civ. App. 389, 115 S. W. 275; 33 C. J. 61; Allemannia Ins. Co. v. Firemen's Ins. Co., 209 U. S. 326, 28 S. Ct. 544, 52 L. Ed. 815, 14 Ann. Cas. 948.

Affirmed.