Norman vs. Rogers.

———•———

NORMAN VS. ROGERS.

1. PLEADING: *Paragraphs in complaint and answer.*
   The paragraphs in a code complaint take the place of counts in a common law declaration; and in an answer, they take the place of several pleas at common law.

2. — *Demurrer to separate paragraphs of an answer.*
   Where, taking all the paragraphs of an answer together, they constitute a good defense to the action, it is error to sustain a demurrer to a part of them, and thereby render the remaining paragraphs insufficient as a defense.

3. TENDER: *In Trover.*
   In *trover*, the right of action is complete when a conversion is shown, and no tender of the property after conversion, or mere agreement of the owner, without consideration, to receive it, will defeat the action or mitigate the damages; but if the owner accept the property when tendered, it may be shown in mitigation, though not to defeat the action.

4. TROVER: *Conversion by pledgee of a note.*
   When the pledgee of a note hands it to the maker to be delivered to the payee, the pledgor, he thereby constitutes him his agent, and after an offer by such agent to deliver it to the payee, and a refusal to accept it, the latter cannot maintain an action against the pledgee for its conversion.

APPEAL from *Ashley* Circuit Court.

Hon. H. B. MORSE, Circuit Judge.

*Norman*, for appellant.

*Farr, contra.*

ENGLISH, C. J.    Jerome B. Rogers sued Augustus H. Norman and George W. Norman, in the Ashley circuit court, for the conversion of a note.

The plaintiff alleged in the original complaint, in substance, that being the owner of two notes, executed to him by W. F. McCombs, for $500 each, one due on the 1st of January, 1871, and the other due on the 1st of January, 1872, he deposited said notes in February or March, 1870, with the defendants, who were merchants, under the firm name of Norman Bros., as collateral security for a debt which he was contracting with them for that year.

That in April, 1872, he owed them $680, which was paid by McCombs.    That at that time the interest on the note first due amounted to $37.50, and the interest on the other note amounted to $7.50.    That the payment made by McCombs took up the first note, and left a balance of $142.50 to go as a credit on the second note, leaving still due upon it $365.

That defendants, sometime in April, 1872, converted said note, with that amount remaining due upon it, to their own use.    That about the first of May, 1872, plaintiff demanded of defendants the possession of said note, which was refused. That plaintiff had been damaged by such conversion and refusal to the amount of $365, with interest thereon from the 1st of April, 1872, for which he prayed judgment, etc.

Augustus H. Norman filed an answer, denying that he was a partner in the house of Norman Bros., and alleging that the concern was owned by George W. Norman, who did business under that style.    On the filing of this answer, the suit was dismissed, by consent, as to Augustus H. Norman, and his name ordered to be stricken from the complaint.

The defendant, Geo. W. Norman, filed an answer, in substance, as follows:

1. That about the — day of April, 1870, the plaintiff con-

tracted with defendant to furnish him supplies, money and merchandise, to enable him to make a crop in said year. That in order to secure defendant on account of said advances, plaintiff deposited with him two promissory notes, executed to plaintiff by W. F. McCombs, for $500 each, due January 1, 1871, and January 1, 1872, with instructions for defendant to collect the notes as they become due, and apply the money to defendant's account against plaintiff.

2. That on January 1, 1871, plaintiff was indebted to defendant for provisions, corn, meat, sugar, money, etc., in the sum of $709.20, and that in part payment thereof, he applied the note of McCombs then due.

3. That on January 1, 1872, plaintiff was indebted to defendant in the sum of $230.21, which was paid to defendant by McCombs, and credited on the second note, and said note delivered to McCombs by defendant to be handed to plaintiff, as said McCombs informed defendant; that since the said notes were deposited with defendant, plaintiff had become largely indebted to him (McCombs), and that he (McCombs) would deliver the said notes to plaintiff if he (plaintiff) would not permit him (McCombs) to set off against the note the amount he held against plaintiff.

4. That it is true that about the time mentioned said plaintiff demanded said note of defendant, when defendant informed him that McCombs had the note and would deliver it to him, as above stated; but defendant is informed that although McCombs sent for plaintiff, he declined to see him.

5. That McCombs offered to deliver [*tendered*, as amended] to said plaintiff, or his attorney, before this suit was brought, the said note, and *they* agreed to receive it.

6. Defendant now brings into court said note, and here offers and tenders the same to said plaintiff.

7. Defendant denies that he ever collected or converted any

other amounts or sums of money due on said notes except as above stated.   Wherefore, he prays to be discharged.

The plaintiff filed a general demurrer to the first, second, third, fourth, sixth and seventh paragraphs of the answer, which the court sustained.

The cause was submitted to the court, sitting as a jury, and the court, after hearing the evidence and taking the matter under advisement, rendered the following judgment:

"It is considered by the court that plaintiff have judgment for the sum of $269.79 damages, together with six per cent. interest on debt and damages from this date" [October 28, 1872].

The defendant moved for a new trial on the grounds:

1. That the court found contrary to law and evidence.

2. That the court erred in sustaining the demurrer to the paragraphs of the answer, as above stated.

The court overruled the motion.   The defendant took a bill of exceptions, setting out the evidence and appealed.

I. The paragraphing of the answer of the appellant, and the sustaining of the demurrer to six of the seven paragraphs, leaving the fifth paragraph standing alone and disconnected from the others, was a misconception by counsel and court below of the code of practice.

Paragraphs in a code complaint take the place of counts in a common law declaration.   Gantt's Dig., sec. 4563.   And where the defendant has several distinct grounds of defense, counter claims or setoff, they are stated in separate paragraphs of the answer, and take the place of several pleas in the common law practice.   Id., sec. 4569.

The sustaining of the demurrer to all of the paragraphs of the answer, except the fifth, left the appellant no valid defense to the complaint.   The action is a code substitute for the common law action of trover.

The conversion of the note is the gist of the action. The fifth paragraph of the answer, when the other connected paragraphs were cut away by demurrer, left the allegation of demand, refusal and conversion, as made in the complaint, unanswered; and a mere tender of the note before suit and agreement by the appellee or his attorney to receive it was all that remained as a defense to the suit. In trover, when the conversion of the property is shown, the right of action of the owner is complete. No tender or offer to restore the property after conversion will defeat the action or mitigate the damages. If the injured party accept the property when tendered, this may be shown in mitigation of damages, but will not defeat the action entirely. Nor will a mere agreement without consideration to receive the property defeat the action or mitigate the damages, where the injured party thinks proper to disregard the agreement, and bring his suit for the conversion.

Where the suit is for the property itself, as in replevin or detinue, an offer to surrender the property before suit is a defense. But the rule is as above stated when the suit is not for the property, but for damages for its conversion. *Savage et al v. Perkins,* 11 Howard Pr., 17; *Hanmer v. Wilsey,* 17 Wend., 91; *Vosburgh v. Welch,* 11 Johns., 175; *Gibson v. Chase,* 11 Mass., 128.

Taking all of the paragraphs of the answer together, we think they set up a valid defense to the suit, if the material allegations made in them are proved upon a trial. Appellant did not intend, it seems from the answer, to convert the note when he delivered it to McCombs, but he handed it to him to deliver it to appellee, if the appellee would not consent for him to keep it in discharge of a debt due to him from appellee.

Appellant thus made McCombs his agent to deliver the

note to the appellee, and if he offered to deliver the note, appellee should have accepted it, and then there would have been no cause of action.

Whether there was in fact a conversion of the note by appellant was a question to be determined by the court upon the evidence introduced by the parties, and, as there was some conflict in the evidence, we should not disturb the finding upon a question as to weight of evidence.

But for the error of the court in sustaining the demurrer to all of the paragraphs of the answer, except the fifth, the judgment must be reversed, and the cause remanded for a new trial upon the whole of the answer.