Harris v. Harris.

---

## HARRIS v. HARRIS.

43  535
57  549

1. REPLEVIN: *Verdict : judgment.*
  When property sued for in replevin is delivered by defendant into the control of the court, there is no necessity that a verdict for the plaintiff should assess its value, so that the court can render an alternative judgment for the property or its value. The judgment should be only for delivery.

2. PRACTICE IN SUPREME COURT: *When errors are not injurious.*
  The Supreme Court will not reverse or modify a judgment or decree of an inferior court for errors which are not prejudicial to appellant.

APPEAL from *Jackson* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*W. R. Coody*, for appellant.

1. Where two parties have an interest in property, or when by agreement two persons place it in the hands of a common bailee, replevin does not lie, neither having the exclusive right to the possession. 37 *Ark.*, 66; *Gantt's Dig., Sec.* 5035; 17 *Ark.*, 450, 39 *Ark.*, 447; 16 *Ark.*, 90. Between the parties there can be no question as to the gift or title of the wife, her possession being presumed legal *prima facie* evidence of title. 38 *Ark.*, 416. Appellee having treated with appellant as to the deposit of the policy, recognized her right of possession, and by his agreement induced her to place it in the hands of the bailee, is estopped so to deny her authority to do so. 37 *Ark.*, 53.

2. The action was barred by the statute of limitations of three years. *Gantt's Digest, Sec.* 4120; 22 *Ark.*, 134 *and* 226; 14 *Ark.*, 509.

3. Having voluntarily procured the policy for his wife, and delivered it to her, it became her separate property. And he having paid it off for her, it became a gift to her and she was entitled to its possession and control. *Art.* 12, *Sec.* 6, *Const.* 1868; *Gantt's Dig., Sec.* 4192; 36 *Ark.*, 588.

4. The verdict was invalid to base a judgment upon, as it failed to find any value; and the judgment not being in the alternative, was incorrect. 37 *Ark.*, 550; *Gantt's Dig., Sec.* 4718; 29 *Ark.*, 383; 4 *Ark.*, 425. Defendant had the right to pay for the policy and keep it. *Ib.*

Appellee's remedy was in equity, and not replevin.

*Franklin Doswell*, for appellee.

There was no alternative judgment for the value of the policy, and no damages for detention, but appellant was not prejudiced thereby. If the property can be found appellee is entitled to the possession—to have it.

Appellant has no right to retain it and pay the value. Delivery of the property will be compelled. *Act Dec.* 14, 1875, *p.* 165. Nor was she prejudiced by failure to take judgment for, or jury to find value of the property. 29 *Ark.*, 270. Plaintiff is entitled to the value, only when delivery cannot be had. 29 *Id.*, 372.

In 37 *Ark.*, 544, the judgment was for the value of the property only, with an award of execution for the money. This was error, as defendant had the right to discharge the judgment by delivery of the property. 14 *Ark.*, 425. By the common law the value was immaterial; *Wells on Rep., Sec.* 760; and the judgment was for damages only; *Fields' Prac., p.* 842; and only when finding for defendant was the value found. *Ib., p.* 798. The property was in the custody of the law. The verdict and judgment were right upon the whole case.

EAKIN, J. Appellee, Wm. L. Harris, sued Hoffman in replevin to recover a policy of insurance, which he had effected on his own life, payable after his death to appellant, Anna S. and others, the children of said Wm. L. The complaint describes the policy, as one which had been issued in lieu of a former one, which Harris had effected during the life of a former wife, the second wife being made a beneficiary in the new policy. Hoffman is charged with detaining it without right.

Hoffman admitted in his answer, that he held the policy, but disclaimed any right to it, saying, that some time before Harris and his then wife, the appellant, Anna S., separated on account of domestic difficulties, and in a division of property made between them, could not agree as to the custody of the policy. Whereupon the parties interested agreed that it should be left with him as a mutual friend, and that he had been forbidden by

said Anna S. to surrender it to plaintiff. He brought it into court and asked that she be required to interplead, and that he be discharged.

Upon her application, she was then made defendant, and answered, saying: That in June, 1875, whilst she and plaintiff were living together as man and wife, being married, he placed the policy in her hands and sole possession, and for her benefit as a provision for her support in case of his death; to be held and collected by her if she should survive. That she afterwards, with the consent of all parties, including the plaintiff, placed it in the hands of Hoffman as bailee, for herself and the other beneficiaries; that said bailee has continued in possession ever since, and that his possession is hers; that they were afterwards divorced and plaintiff has made no other provision for her support. She also pleads the statute of limitation of three years.

There was a trial by jury, and a verdict simply finding the property to be that of plaintiff. A judgment was entered that he recover the policy. He waived all damages and costs, and the judgment directed that the policy be delivered up to him by the clerk. There was a motion for a new trial, bill of exceptions and appeal.

The parties have made no question as to whether or not the policy of insurance was of such a nature as to be the subject of replevin, and we do not feel called upon in this case to determine that matter definitely. The functions of the writ of replevin in America have been extended far beyond its English use originally, when it was used only for the purpose of reclaiming tangible property improperly distrained. It has been applied to recover quite a number of classes of securities for choses in action. Evidently, this policy had a present value depending on possession. It was fully paid up, and drew

dividends payable to the holder. Besides, it may be inferred that according to the rules of the insurance office, it might be delivered up, as the former had been, and cancelled, and a new policy issued upon it with different provisions. The complaint was not met by demurrer. It has sufficient *indicia* of property to justify us in accepting the views of the parties, and treating it as repleviable. It certainly is a tangible thing of *some* value.

Perhaps, too, the proper course of the original defendant may have been to make his answer a bill of interpleader—bringing in all the beneficiaries, and adopting equitable proceedings. But in admitting her to become sole defendant and plead, the case assumed the same phase it would have presented if she had been holding the policy and the action had been brought against her originally. This view also the parties have adopted and the case proceeded accordingly.

The statute of limitations depended on facts submitted to the jury. If the possession of the wife was merely for safe keeping, it would not become adverse because of any conjugal explanations of his design in effecting the policy; nor after separation would that of the mutual friend be adverse before demand and refusal.

The objection that an action of replevin would not lie against one who had been made a bailee is one that should have been made by the bailee himself. When he passed out, and the appellant took his place, the action, by her own motion, assumed the phase of a hostile proceeding against herself, as holding property claimed by the plaintiff.

It is urged as error upon the record proper, that the verdict of the jury was illegal, inasmuch as it did not find the value of the property; and that the judgment was erroneous, inasmuch as it was not in the alter-

*1. REPLEVIN: verdict need not find value when property in custody of court.

native, so that defendant might have exercised the option of keeping the property and paying the value.

Both the verdict and judgment are technically incorrect. In replevin the jury must assess the value of the property, and damages, whenever, by their verdict, there will be a judgment for the recovery or return of the property (*Gantt's Digest, Sec.* 4682,) and upon a verdict, judgment "may be for the delivery of the property, or for the value thereof, *in case a delivery cannot be had.*"

It was held in *Hauf v. Ford*, 37 *Ark.*, 544, that the finding of the value was important with reference to this judgment. If a delivery cannot, for any cause, be had, and several articles are sued for, the defendant may be credited for what is actually delivered, and charged on execution with the rest. It is, therefore, important that each article be valued separately.

But in this case, when the verdict was rendered, although the defendant on the pleadings and by virtue of the course adopted, stood in the attitude of detaining the policy, it had been in fact delivered into the control of the court. There was no reason to find its value. If the verdict were right, no execution was needed. Substantial justice would in that case be accomplished by ordering the clerk to transfer the possession to the plaintiff. This court does not reverse for harmless error. It is a peculiar case in replevin where it was already known by the court that delivery *could* be had, and there was no need of an alternative judgment.

An examination of the evidence discloses discrepancy as to the mode by which defendant originally came into possession of the policy. There is sufficient evidence, however, to sustain the finding, in the testimony tending to show that it was put into her hands for safe keeping.

One instruction only was given at the instance of the

Harris v. Harris.

plaintiff. It was, in substance, that if the jury believed the policy to have been taken out in lieu of one for the benefit of the former wife and children, and was a paid policy, and that plaintiff was entitled to draw the annual dividends; and if they further believe that, with plaintiff's consent, it had been deposited in the hands of Hoffman for safe-keeping only; and that plaintiff demanded its delivery within three years, then they might find that the action was not barred and render a verdict for the plaintiff. The court approves this instruction, in its application to the case.

Of its own motion, the court added that if the jury believed the plaintiff intended to make a gift of the policy to defendant and the other beneficiaries, they should find for the defendant. Of this she cannot complain.

She, on her part, asked four instructions, the first being a mere declaration of our statute regarding the separate property of married women. It had no application out side of the evidence on the point of the gift, and an instruction on that point had already been given, as favorable to her as could have been desired.

The second was that marriage is a good consideration for a gift to the wife, and if the paper was given to her for her support, the jury should find for the defendant. There was no evidence whatever that the policy was given in consideration of marriage, and that instruction was properly refused.

The third was on the statute of limitations, to the effect that if the jury should find that the defendant had been in possession of the paper for three years, adversely to the husband, before the beginning of the suit, they should find for the defendants. There was no evidence to show that she held adversely before some

time in 1878, before the divorce in September, 1879. Her account of the matter, in her testimony is, that in 1875 he placed the policy in her hands, she being then his wife ; telling her that she had an interest in it, and directing her to keep it till his death and then collect the money. She says, however, that in 1878 he commenced efforts to get it from her, and she refused to let him have it. That perhaps was after their dissensions began. It was placed in the hands of Hoffman for safe-keeping in April, 1879, after which it is certain the possession was not adverse to plaintiff before demand. The original deposit with her, by her husband, was certainly not a gift, but the simple custody of a security until the time should come to use it. There was no proof upon which any instruction as to the statute of limitations could be based, and this third instruction was properly refused.

The fourth was that it was necessary for the plaintiff to show that the property was of some value. This is a correct declaration of law, and should, ordinarily, be given. It was technical error to refuse it, but it was not an issue under the peculiar circumstances of this case, of any importance ; and no proof of value could affect defendant.

2. Supreme court will not reverse for uninjurious errors.

Notwithstanding there were errors in practice, and in instructions, we are satisfied they were not prejudicial to defendant. It is right that the plaintiff should have and control and enjoy the dividends of a policy effected and paid up, by himself. It is only for error prejudicial to appellant that this court will remove or modify a judgment or decree of an inferior court. *Gantt's Digest, Sec.* 1093.

Affirm.