AFFILIATED FOOD STORES, INC., Oral
W. EDWARDS and NATIONAL SURETY
CORPORATION *v.* BANK OF NORTHEAST ARKANSAS

75-240                                    536 S.W. 2d 693

Opinion delivered May 3, 1976
[Rehearing denied June 14, 1976.]

*Smith, Williams, Friday, Eldridge & Clark,* by: *Joe D. Bell,* for appellants.

*Parker & Henry,* for appellee.

CONLEY BYRD, Justice. Appellee Bank of Northeast Arkansas, as a secured creditor of one William T. Lawson, brought this replevin suit against appellants, Affiliated Food Stores, Inc. and Oral W. Edwards, for the recovery of the secured property which had an alleged value of $54,525.30. Appellant National Surety Corporation became the surety upon the redelivery bond, Ark. Stat. Ann. § 34-2109 (Repl. 1962), executed by Affiliated and Edwards. From a judgment giving possession of the property to appellee and awarding damages against appellants in the amount of $55,105.00 comes this appeal.

The record shows that William T. Lawson, in purchasing the grocery store known as Lawson's Thriftway from appellant Affiliated Food Stores Inc., borrowed part of the purchase price from appellee and executed a security agreement upon the equipment and fixtures to cover his indebtedness. The unpaid balance of Lawson's note at the time of filing the replevin action was $66,012.33, plus accrued interest of $1,207.45. After appellee was granted its security interest, Lawson, who became financially embarrassed, assigned his interest to Shur-Value Stamps, Inc. In turn Shur-Value Stamps, Inc. leased the store premises and equipment to appellant Affiliated who subleased to appellant Edwards. Neither appellants Affiliated or Edwards were personally liable to appellee. Appellants at first denied that appellee was entitled to possession of the property and executed a

redelivery bond with appellant National Surety Corporation as surety. On May 3, 1974, appellants wrote a letter to appellee stating that they intended to surrender the equipment and fixtures to appellee on May 19, 1974. On May 10, 1974, appellants amended their answer by pleading a tender of the equipment to appellee. A hearing was held on May 16, 1974, at which time appellants stated to the trial court that they were making a tender of the equipment and fixtures and that the surety would remain liable on the redelivery bond for any damages due. The trial court at that time held that after the execution of the redelivery bond appellants were not entitled to make a tender of the property in a replevin suit.

Subsequently, the trial court ruled that appellants were not entitled to show the tender and that they were liable for damages and loss of use of the property from February 19, 1974, to the date of trial. In this the trial court erred. Chief Justice English in *Norman* v. *Rogers*, 29 Ark. 365 (1874), in distinguishing an action for conversion from replevin states the rule as follows:

> "Where the suit is for the property itself, as in replevin or detinue, an offer to surrender the property before suit is a defense. . . ."

The statement in *Norman* v. *Rogers, supra,* is only a recognition of the general rule "that one cannot recover damages flowing from consequences that he might reasonably have avoided," *Lake Village Implement Co.* v. *Cox,* 252 Ark. 224, 478 S.W. 2d 36 (1972).

Appellee does not really take issue with the foregoing statement of the law but instead contends that the tender made at the May 16th hearing was only a conditional tender — *i.e.* (1) it was conditional upon relieving appellants of liability for damages for detention; (2) the tender made did not recognize appellee's rights to dispose of the property on the debtor's premises pursuant to Ark. Stat. Ann. § 85-9-503 (Supp. 1975); and (3) appellants did not tender all of the items listed in the order of delivery. We find no merit to appellee's contentions.

The assertion of appellee that the tender at the May 16th hearing was conditional upon exoneration of appellants from liability is not sustained by the abstract of the record. In fact, the record establishes that, on numerous occasions during the hearing on the tender, appellants admitted that their redelivery bond would remain liable for any damages.

Even if we should assume that appellee could have exercised the right to dispose of the equipment on appellants' premises, it is estopped under the facts in this record from relying upon that alleged right since it did not raise the issue until after the equipment had been dismantled and removed from the premises by the appellants. Furthermore, there is nothing in the record to show that disposal of the equipment on the premises was commercially reasonable for a sale of the collateral as between the rights of appellee and appellants.

The third suggestion of appellee that the tender was insufficient since it did not encompass all of the property listed on the delivery order ignores the provisions of Ark. Stat. Ann. § 34-2103 (Repl. 1962), which provides:

"Where the delivery of several articles of property is claimed, the affidavit must state the value of each."

Appellants were entitled to credit for the articles tendered and to be charged on execution for the value of the balance together with any damages to the articles delivered. See *Harris* v. *Harris,* 43 Ark. 535 (1884), where we stated:

"It was held in *Hauf* v. *Ford,* 37 Ark. 544, that the finding of the value was important with reference to this judgment. If a delivery cannot, for any cause, be had, and several articles are sued for, the defendant may be credited for what is actually delivered, and charged on execution with the rest. It is, therefore, important that each article be valued separately."

We agree with appellants that the trial court should have struck the valuation testimony of William Mercer. The record shows that after qualifying as an expert on equipment values he gave a total before value of $54,525.30 and an after

value of $12,665.00. But on cross-examination he was unable to tell the age of the equipment. With respect to a sanitary meat slicer having a new cost of $445.00 in 1967, he assigned a value, as of February 1974, of $550.00 and a value as of date of trial of $100.00. Another example of his incompetence is that the 1967 new price of a 12 foot Warren frozen meat case was $1,390.00. Yet, Mr. Mercer, without knowing that it was 12 years old, assigned it a value in February 1974 of $1,400.00 and a value at time of trial of $100.00, because he could not tell whether it worked. Another example of the inadequacy of Mr. Mercer's valuation can be seen in connection with some shelving which he gave a before value of $5,552.00. His after value of $1,700.00 was arrived at because he did not know how many feet of shelving was stored and he did not take the time to determine the number of feet. As pointed out in *Ark. State Highway Commission* v. *Jensen*, 256 Ark. 478, 508 S.W. 2d 737 (1974), an "expert's valuation, upon cross-examination must demonstrate a foundation in fact or a reasonable and fair basis" for his opinion or the same will be stricken when it can be determined that no such basis exists. The cross-examination of Mr. Mercer demonstrates that he had no reasonable and fair basis for making his before and after valuations. It follows that his valuations should have been stricken.

Appellants, having executed a redelivery bond in gross and not to particular items, are now estopped to contend that they did not have possession of certain items, *Hester* v. *Finigan*, 223 Ark. 927, 269 S.W. 2d 698 (1954).

In view of Ark. Stat. Ann. § 85-9-504 (Supp. 1975), we find no merit in appellant's contention that appellee's damages as a secured party should be limited to the legal rate of interest only. That provision of the UCC permits the secured party after default to both sell or lease the collateral in any commercially reasonable manner.

Appellants also contend that they are entitled to recover both moving and storage expenses after May 19, 1974. We find no merit in the moving expenses since the tender by appellants on May 16th was premised on the basis of moving the equipment to a storage place designated by

appellee. However, since we are holding that the subsequent tender of the equipment was proper it follows that appellants are entitled to the reasonable costs of storage.

In instructing the jury in determining fair market value of the equipment and fixtures the trial court correctly gave AMI 2d 2220. Appellant does not abstract any other objection to the instruction given.

Appellants contend that the ownership of the gas incinerator, the Doerr air compresssor, the sanitary computer scale and the National adding machine should not have been submitted to the jury under the evidence. Based upon the testimony of Lawson and George Spaeth, we find that there was substantial evidence to go to the jury on those issues.

The other points argued in the briefs are not apt to arise upon a new trial.

Reversed and remanded.