330

James Monroe AUSBURN, Jr. *v.*
Freda Francene AUSBURN

80-207                                       609 S.W. 2d 14
Supreme Court of Arkansas
Opinion delivered December 8, 1980

*Henry & Duckett*, for appellant.

*Lightle, Beebe, Raney & Bell*, for appellee.

GEORGE ROSE SMITH, Justice. The parties to this divorce case owned two pieces of land as tenants by the entirety: a 10-acre tract on which their home was built and an unimproved 6-acre tract. In the divorce decree the chancellor awarded the larger tract to the wife and the smaller tract to the husband, ordered the parties to execute quitclaim deeds to carry the decree into effect, and equalized the property division by giving the husband a larger share of the personalty.

For reversal the husband argues that the chancellor should not have included the lands in an attempt to divide all the parties' property, both real and personal, in an equitable manner pursuant to Ark. Stat. Ann. § 34-1214 (Supp. 1979). Instead, it is argued the real property should have been divid-

ed between the parties, as tenants in common, pursuant to Section 34-1215 (Supp. 1979). This theory of the case was not presented in any manner in the trial court. To the contrary, both parties' proof was directed toward showing how all the property could best be divided. The decree was responsive to that proof. We do not permit a party, when the decree is not to his liking, to raise an entirely new theory of the case on appeal.

It is also argued that the chancellor erred in finding that an equal division of the property would be inequitable. As we read the record, however, the chancellor made no such finding Quite the opposite, he distributed a total of 15 enumerated assets, including the two tracts of land, and concluded that according to his valuation the wife received property worth $35,500.00 and the husband received property worth $35,-665.39. We regard the division as fair; certainly we cannot say that the decree is clearly erroneous. Since an equal division was made, there was no necessity for the chancellor to state his reasons for not so dividing the property, under § 24-1214 (A) (1). Moreover, there was no request for such a statement nor any objection to its omission.

Affirmed.