Greg DUNN *v.* Angela DAVIS

86-205                                                    725 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered March 16, 1987

*W.P. Switzer*, for appellant.

*Johnson & Harrod*, by: *William E. Johnson*, for appellee.

TOM GLAZE, Justice. This appeal arises out of a paternity action. Appellee filed a complaint in bastardy on July 29, 1983, alleging that appellant was the father of her child. The county court determined appellant was the father, and this decision was affirmed by the circuit court upon a *de novo* hearing on September 25, 1985. For reversal, appellant contends the trial court erred by (1) permitting appellee to testify to a sexual relationship with appellant, (2) introducing the results of a blood test by affidavit, (3) refusing his demand for a jury trial, and (4) permitting appellee to receive child support pending this appeal. We hold the trial court was correct, and, therefore, affirm.

Appellee conceived a child sometime at the end of September or beginning of October 1979, during her senior year in high school. In December 1979, she married a Sammy Nalley. They separated after approximately three months and were divorced in June 1980. On July 7, 1980, appellee gave birth to a son. At trial, appellee testified that, at the time of conception, she was dating and having sexual relations exclusively with appellant. She said it was after she was pregnant with appellant's child that she dated and married Sammy Nalley. This testimony, appellant contends, was incompetent because it tended to bastardize appellee's child

born out of a marriage to another person.

Appellant bases his contention on the long-standing common law rule known as Lord Mansfield's Rule, which was articulated in 1777: "[T]he declarations of a father or mother, cannot be admitted to bastardize the issue born after marriage." *Goodright* v. *Moss*, 2 Cowp. 291, 98 Eng. Rep. 1257 (1777). This rule has long been recognized in Arkansas. *Spratlin* v. *Evans*, 260 Ark. 49, 538 S.W.2d 527 (1976); *Bankston* v. *Prime West Corp.*, 271 Ark. 727, 601 S.W.2d 586 (Ark. App. 1981); *Wright* v. *Vales*, 1 Ark. App. 175, 613 S.W.2d 850 (1981); *Lakey* v. *Lakey*, 18 Ark. App. 182, 712 S.W.2d 663 (1986). Appellant further notes the presumption of legitimacy of children born during the wedlock of two persons, *Jacobs* v. *Jacobs*, 146 Ark. 45, 225 S.W.2d 22 (1920), which is rebuttable only by the strongest type of conclusive evidence such as incompetency of the husband or non-access between the parties. *Spratlin, supra.*

The short answer to appellant's argument, of course, is that neither the Lord Mansfield's Rule nor the foregoing legitimacy presumption applies because the child involved here was not born during appellee's marriage to Nalley. Because the child was born out of wedlock, the court did not err in admitting appellee's testimony into evidence.

For his second point, appellant first argues the blood tests were not ordered in compliance with Ark. Stat. Ann. § 34-705.1 (Supp. 1985). Section 34-705.1 provides that "tests shall be made by a duly qualified physician, or physicians, or by another duly qualified person or persons, . . . *to be appointed by the court.*" (Emphasis supplied.) Here, the court ordered the parties to make themselves available for blood tests to be taken at Drew Memorial Hospital, with appellant making arrangements for the date and time. Neither the abstract nor the record reflects appellant's objection, now argued on appeal, that the court violated § 34-705.1 by failing to appoint or designate an expert. Accordingly, we need not reach this issue since we do not permit a party to raise a new theory of the case on appeal. *Ausburn* v. *Ausburn*, 271 Ark. 330, 609 S.W.2d 14 (1980).

Appellant also argues that, because the results of the blood test were submitted by affidavit, he was denied the opportunity to cross-examine the paternity evaluator. Prior to

trial, appellant objected to the introduction of the blood test results by affidavit. The trial court admitted the affidavit pursuant to the provisions of § 34-705.2(A) (Supp. 1985). Section 34-705.2(A) further provides that if either party wants to question the expert about the blood tests, the party shall have him subpoenaed within a reasonable time before trial. Appellant made no attempt to subpoena the lab technician who compiled the test results. In fact, the court, at the end of the trial, agreed to hold the record open should appellant decide to cross-examine the evaluator, but appellant failed to do so. Although he now complains that he was denied the opportunity, such clearly was not the case.

■ Thirdly, appellant contends that whether he is the father of the child is an issue of fact, which entitles him to a jury trial under Ark. Stat. Ann. § 27-1704 (Repl. 1979). He also cites *Waddell* v. *State*, 235 Ark. 293, 357 S.W.2d 651 (1962) in support of his contention. We disagree. Our General Assembly enacted Act 559 of 1983, *compiled as* Ark. Stat. Ann. § 34-701.1(b) (Supp. 1985), which specifically provides that an appeal from any decision of a bastardy referee is taken to the circuit court, and there, a "trial de novo without jury" is conducted by the judge of the circuit court. That law is controlling in this case.

■ Appellant also alludes to his purported constitutional right to a jury trial, but we hold that in bastardy cases there is no such right under either article 2, section 7 of the Arkansas Constitution or the seventh amendment to the United States Constitution. We have held that the constitutional right to trial by jury does not secure the right in all possible instances but only in those cases that were so triable at common law. *Colclasure* v. *Kansas City Life Insurance Co.*, 290 Ark. 585, 720 S.W.2d 916 (1986); *Jones* v. *Reed*, 267 Ark. 237, 590 S.W.2d 6 (1979). Bastardy proceedings did not exist at common law, *Waddell* v. *State, supra,* and this proceeding is a statutory one which is not in the nature of a suit at common law. Our legislature has provided that trials in bastardy proceedings in circuit court be conducted without a jury, and we hold that law is constitutional. *Accord Cornish* v. *Smith*, 97 Idaho 89, 540 P.2d 274 (1975); *State ex rel. Wingard* v. *Sill*, 223 Kan. 661, 576 P.2d 620 (1978); *Smeido* v. *Jansons*, 23 A.D.2d 796, 259 N.Y.S.2d 169 (1965); *Commonwealth* v. *Dillworth*, 204 Pa. Super. 420, 205 A.2d 111 (1964);

*State ex rel. Goodner* v. *Speed*, 96 Wash.2d 838, 640 P.2d 13 (1982).

Finally, appellant urges the trial court erred in permitting appellee to receive child support during the pendency of this appeal. He submits that, until a final determination of liability has been made, child support should not be recoverable in a bastardy proceeding on appeal. Appellant offers no citation of authority to support this argument, nor does the abstract of record reflect a hearing at which this issue was presented or argued to the trial court. Accordingly, we are unable to consider the issue on appeal. *Millsap* v. *Lane*, 288 Ark. 439, 706 S.W.2d 378 (1986); *Hill* v. *Bentco Leasing, Inc.*, 288 Ark. 623, 708 S.W.2d 608 (1986).