Russell Jay WILLMON *v.* Deborah Lynn HUNTER

88-225                                761 S.W.2d 924

Supreme Court of Arkansas
Opinion delivered December 19, 1988

*Walter G. Riddick III*, for appellant.

*Lovell, Arnold & Nalley*, by: *Gary M. Arnold*, for appellee.

JACK HOLT, JR., Chief Justice. Two questions are presented by this appeal: (1) does public policy prohibit a man from seeking to establish his paternity of a child conceived during the mother's marriage to another party yet born out of wedlock, and (2) is the presumption of the legitimacy of a child conceived during a marriage irrebuttable. The answer to both questions is no.

On April 25, 1986, Dwight Hunter commenced divorce proceedings against appellee Deborah Lynn Hunter. About this time, appellant Russell Jay Willmon allegedly entered into a sexual relationship with Deborah Hunter which continued until June 1986. Subsequently, on July 3, 1986, Dwight was granted an uncontested divorce. Deborah Hunter gave birth to a child out of wedlock in February 1987. She remarried Dwight Hunter on April 15, 1987.

On April 24, 1987, Willmon filed a complaint in county court against Deborah Hunter alleging that he was the father of a child born to her on February 3, 1987. He asked that the court determine paternity and award permanent custody of the child to him. On August 13, 1987, the county court conducted a hearing. From the pleadings, testimony of the plaintiff, statements and arguments of counsel, the county court found "that it lacks subject matter jurisdiction, and, therefore, plaintiff's complaint in paternity and petition for custody, should be, and is hereby denied." From this finding, Willmon appealed to circuit court.

On November 19, 1987, the circuit court reviewed the pleadings of the parties, heard arguments of counsel, and dismissed the suit, stating:

> (1) The presumption of legitimacy of the child which is the subject of plaintiff's action, is irrebuttable by the facts presented.

> (2) It is against the public policy of this state to allow a third party to attempt to illegitimize a child as sought herein.

Willmon appeals to us from the trial court's order of dismissal.

■■ Ark. Code Ann. § 9-10-104(a) (1987) provides that any man alleging to be the father of an illegitimate child may

petition the county court for a determination of the paternity of the illegitimate child. Although Chapter 10 of our Code, which deals with paternity, does not provide us with a definition of the term "illegitimate child," it is generally conceded that an illegitimate child is a child who is born at the time that his parents, though alive, are not married to each other. Likewise, it has long been a general principle of law that a child is considered legitimate if the parents were married at the time of its conception and before its birth, even though they were not married to each other at the time the child was born. *State v. Bowman*, 230 N.C. 203, 52 S.E.2d 345 (1949). *See also, Madden v. Madden*, 338 So.2d 1000 (Miss. 1976). That principle was recognized by our General Assembly when enacting legislation concerning inheritance. The General Assembly declared that "[a] child born *or conceived* during a marriage is *presumed* to be the legitimate child of both spouses" for all purposes of intestate succession. (Emphasis ours.) See Ark. Code Ann. § 28-9-209 (1987).

■■ The trial court was wrong in finding that the presumption of legitimacy of a child conceived but not born during marriage, is irrebuttable. Likewise, the trial court erred in holding that it is against the public policy of this state to allow a third party to attempt to illegitimize a child which was conceived but not born during marriage. In fact, one of our more recent cases strongly suggests to the contrary. In *Thomas v. Pacheco*, 293 Ark. 564, 740 S.W.2d 123 (1987), Patti Ann Pacheco brought suit to determine the paternity of a child born to her on June 3, 1984. She was married at the time of conception and at the birth of the child to Carlos Pacheco, but claimed that Vincent Thomas was the father. Blood tests indicated that the husband could not be the father and that it was virtually certain (99.5%) that Thomas was the father. This court did not make mention of irrebuttable presumptions of legitimacy of a child conceived during a marriage or a public policy of this state not to allow a third party to illegitimize a child which was conceived during a marriage. To the contrary, we permitted the parties to litigate the issues of illegitimacy. In doing so we stated "marriage is still considered an honorable institution; children born during marriage should be deemed legitimate, and legal efforts to declare such children illegitimate are not and should not be made easy." We noted,

Belief in that principle is so great that we have created a legal presumption to protect it. This presumption, that a child born during marriage is the legitimate child of the parties to that marriage, is one of the strongest presumptions recognized by law. [citation omitted] It is rebuttable only by the strongest type of conclusive evidence . . . .

See Dunn v. Davis, 291 Ark. 492, 725 S.W.2d 853 (1987); Spratlin v. Evans, 260 Ark. 49, 538 S.W.2d 527 (1976).

■ The same thing can be said with reference to children conceived but not born during marriage; presumptions should work in favor of legitimacy. These presumptions, however, do not preclude a party from litigating the issue of paternity. Moreover, we do not have, nor do we declare, a public policy which would prohibit such litigation.

Since under these facts we are not faced with an irrebuttable presumption, nor a public policy which precludes a determination of the paternity of a child conceived but not born during the mother's marriage, it is necessary that we reverse and remand this case to the trial court.

■ Ark. Code Ann. § 9-10-118 (1987) provides that the circuit court shall hear cases de novo and shall render such judgment on appeal from the county court as law and evidence require. Accordingly, the trial court should hear this matter on its merits.

Reversed and remanded.