DRUG TASK FORCE for the
Thirteenth Judicial Districtof the State of Arkansas *v.*
Peter W. HOFFMAN

02-809                                          114 S.W.3d 213

Supreme Court of Arkansas
Opinion delivered May 15, 2003

*James M. Pratt, Jr.*, for appellant.

*Eugene D. Bramblett*, for appellee.

Tom Glaze, Justice. The court of appeals certified this case to us because the appeal requires the interpretation of Ark. Code Ann. § 5-64-505 *et seq.* (Supp. 2001), pertaining to the forfeiture of property under the Uniform Controlled Substances Act. The facts leading to this civil litigation are not in dispute.

On January 18, 2000, Peter Hoffman paid $2,000 to a Drug Task Force (DTF) undercover agent in exchange for a quantity of crystal methamphetamine. Immediately afterwards, law enforcement officers arrested Hoffman, and DTF took possession of the $2,000, the methamphetamine, as well as some other personal property items found on Hoffman's person.[1] For whatever reasons, DTF did not file criminal charges against Hoffman relating to the alleged "drug buy," and under speedy trial rules, the State is now absolutely barred from prosecuting Hoffman for any charge connected with the January 18 incident. *See* Ark. R. Crim. P. 28.1(b). Even though the State failed to file timely charges against Hoffman, DTF never returned the $2,000 it received from Hoffman at the alleged "drug buy." While DTF could have initiated a civil proceeding

---

[1] The $2,000 is the only item in issue here, since DTF eventually returned all other personal property items found on Hoffman at the time of arrest.

under § 5-64-505(a)(6) to seek forfeiture of the $2,000 Hoffman paid the undercover agent, the State did not do so.[2] The State now can no longer initiate such a forfeiture proceeding because the law required the State to file its complaint for forfeiture no more than 120 days after the date of seizure of the money, which here occurred on January 18, 2000. *See* § 5-64-505(g)(3).

Since the State failed to file timely criminal charges against Hoffman or a timely forfeiture action for the $2,000 in issue, Hoffman filed his own civil suit on December 2, 2001, for immediate recovery of his monies. His complaint was premised on Ark. Code Ann. § 18-60-804 (1987), which provides a party a remedy to recover his or her property in the possession of another. DTF responded by admitting to almost all of the allegations pled by Hoffman. DTF agreed that Hoffman had delivered the $2,000 in exchange for drugs; however, DTF denied any seizure occurred at the time of Hoffman's arrest because Hoffman was not in possession of the $2,000. DTF requested a jury trial on this issue, but the request was denied by the trial judge. The trial judge found that there were no disputed issues of fact for resolution by a jury. The judge further agreed with Hoffman that DTF failed to proceed properly under Arkansas's forfeiture statute and ruled in Hoffman's favor as follows:

> Under the above statute and rules [§ 5-64-505(c) and Ark. R. Crim. P. 10 & 15], the $2,000 would have been subject to seizure and forfeiture upon initiation of an appropriate proceeding by the Drug Task Force. That did not happen. The property has remained in possession of the Drug Task Force without court order as evidence in a case which cannot now be filed. The Rules of Criminal Procedure ". . . shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense and to protect the fundamental rights of the individual while preserving the public

---

[2] Section 5-64-505(a)(6), in relevant part, provides that the State can seek forfeiture of the following items:

(6) *Everything of value furnished or intended to be furnished in exchange for a controlled substance* or counterfeit substance in violation of this chapter, all proceeds and profits traceable to such an exchange, *and all moneys*, negotiable instruments, and securities *used, or intended to be used, to facilitate any violation of this chapter*[.] (Emphasis added.)

interest." Money is property the possession of which is a fundamental right of citizens under the Constitution of Arkansas. Since no criminal proceeding will result from the transaction, the parties should be returned as nearly as possible to their respective positions prior to the transaction. The $2,000 should be returned to Peter Hoffman.

DTF appeals the lower court's decision, contending the judge erred in denying DTF a jury trial, and in ruling the $2,000 must be returned under § 5-64-505. These two issues are inextricably bound, so we consider them together.

In arguing that the trial court erred in refusing it a jury trial, DTF cites Ark. Const. art. 2, § 7, and submits that provision gives DTF a fundamental right to a jury trial. DTF claims that Hoffman filed a replevin action pursuant to § 18-60-804, and that this court has long recognized the right to a jury trial in replevin actions. It cites the cases of *Affiliated Food Stores v. Bank of Northeast Arkansas*, 259 Ark. 690, 536 S.W.2d 693 (1976), and *Johnson v. Gilliland*, 320 Ark. 1, 896 S.W.2d 856 (1995), to support its argument.[3] DTF further argues that all it had to do was to make a timely request for a jury, which it did. *See* Ark. R. Civ. P. 38 (providing that "[a]ny party may demand a trial by jury of any issue triable of right by a jury . . ."). It is also settled law that the right to a trial by jury does not secure the right in all possible instances, but only in those cases that were triable at common law. *See Hopper v. Garner*, 328 Ark. 516, 944 S.W.2d 540 (1997). Stated another way, there is no right to a jury trial in certain proceedings where there was no such right at common law, and where such proceedings were established by statute. *See Dunn v. Davis*, 291 Ark. 492, 725 S.W.2d 853 (1987); *Colclasure v. Kansas City Life Ins. Co.*, 290 Ark. 585, 720 S.W.2d 916 (1986).

Replevin has been recognized as a remedy stemming from common law. *See* 66 AM. JUR. 2d *Replevin* § 1 (2001). However, the statutes, §§ 18-60-804 to -808, under which Hoffman proceeded here, were not in existence until they were enacted in 1973. Section 18-60-804 authorizes a party claiming a

---

[3] We note that the cases relied on by DTF are replevin actions, but the holdings in those cases do not actually state all replevin actions are required to have a trial by jury.

right of possession of property in the possession of another to apply to the circuit court or municipal court for issuance of an order of delivery of the property. If the court decides that an order of delivery should issue, the court shall enter such order. Ark. Code Ann. § 18-60-806. These statutory provisions refer only to the court deciding whether an order of delivery should issue; a jury is not mentioned.[4]

▮▮▮▮▮ Even assuming that DTF was entitled to a jury in an action filed under § 18-60-804, a jury, as the trial court found, was not required in this case, because there were no factual issues to be decided. As previously mentioned above, DTF denied any seizure occurred at the time of Hoffman's arrest because Hoffman was not then in possession of the $2,000. Consequently, DTF argues that § 5-64-505 is inapplicable, and DTF is not required to return Hoffman's money. However, DTF's argument ignores § 5-64-505(a)(6), which provides, among other things, that monies furnished in exchange for a controlled substance are subject to forfeiture. In addition, if the State fails to file a timely complaint for forfeiture, the court shall order the seized property returned to the owner or interest holder. § 5-64-505(g)(2) and (3). We also point out that Ark. R. Crim. P. 10.1's definition of a "seizure" includes the taking of anything by an officer under other color of authority.[5]

▮▮▮▮▮ Here, the facts were never in doubt. The parties stipulated that Hoffman paid $2,000 in exchange for drugs, and that when he was arrested, he did not have the $2,000; DTF did, and still does. The issue to resolve in this matter is purely a legal one — whether § 5-64-505 is applicable, and whether, under that statute, particularly provision (g)(3), DTF is required to return the

---

[4] It is noteworthy to mention that municipal courts (now district courts per Amendment 80 to the Arkansas Constitution) are not empowered to have jury trials. *See* Ark. Code Ann. § 16-17-703 (Repl. 1999).

[5] In conjunction with Ark. R. Crim. P. 10.1, we also point out Rule 15.2, under which Hoffman could have pursued the return of the $2,000. That rule permits "the individual from whose person . . . things have been seized [to] move the court . . . having jurisdiction of the offense in question . . . to return things seized to the person . . . from which they were seized"; such a motion may be filed within thirty days after notice of seizure, or at such later date as the court in its discretion may allow. Ark. R. Crim. P. 15.2(a)(1).

money to Hoffman, since DTF never initiated a forfeiture action under § 5-64-505. The trial court resolved this issue of law in Hoffman's favor, holding Hoffman's $2,000 was subject to seizure and forfeiture under § 5-64-505. Moreover, we agree that no jury was needed. Under Ark. R. Civ. P. 39(a), our court recognizes that the right to trial by jury is not absolute, and provides that the trial court, upon motion or on its own initiative, may find that a right of trial by jury of some or all of the issues does not exist under the constitution or statutes of this state.

■ The trial court properly denied DTF's request for a jury trial, and correctly determined that Hoffman was entitled to the return of his $2,000; we therefore affirm.

CORBIN, J., not participating.