The Honorable Thomas D. Deen Prosecuting Attorney Tenth Judicial District 506 South Main Street Monticello, Arkansas 71655
Dear Mr. Deen:
I am writing in response to your request for an opinion concerning the procedure for civil forfeiture actions under A.C.A. § 5-64-505 (Supp. 2005). Specifically, you recite the following facts and pose the following question:
 Ark. Code Ann. § 5-64-505(f)(2) requires a confiscation report to be prepared by a law enforcement officer as to property seized for forfeiture under the Uniform Controlled Substances Act. A copy of the confiscation report is to be forwarded to the prosecuting attorney of the applicable judicial district within three business days. Ark. Code Ann. § 5-64-505(g)(1) provides that the prosecuting attorney "shall" initiate forfeiture proceedings by filing a complaint with the circuit clerk of the county in which the property is seized.
* * *
 Given this use of the term "shall" in the statute cited, is it mandatory for a prosecuting attorney to file a forfeiture complaint with respect to every seizure in which a confiscation report is submitted, regardless of whether the prosecuting attorney in the exercise of his or her discretion has determined that a forfeiture action under that statute is without merit? Alternatively, is the use of the term" shall" a directive concerning the proper procedure to be followed in any forfeiture proceeding which may be initiated under § 5-64-505, with the prosecuting attorney retaining the discretion to decide whether or not to bring a forfeiture action under § 5-64-505
based on a case-by-case evaluation of the available evidence?
RESPONSE
In my opinion it is not mandatory that the prosecuting attorney file a civil forfeiture action with regard to every seizure in which a confiscation report is submitted and that some discretion exists in this regard. The applicable statute, however, does not expressly address or outline the procedure for returning the seized property to the owner where no forfeiture action is filed. Legislative clarification may be warranted on that point.
The applicable statute, as you note, is A.C.A. § 5-64-505 (Supp. 2005). Subsection (a) of the statute lists a number of items that may be subject to forfeiture. Specifically, it provides that:
 ITEMS SUBJECT TO FORFEITURE. The following are subject to forfeiture upon the initiation of a civil proceeding filed by the prosecuting attorney and when so ordered by the circuit court in accordance with this section. . . .
(Emphasis added).
The subsection then lists a number of types of property subject to forfeiture under the statute. Subsection (b) addresses summary forfeiture of contraband. Subsection (c) addresses the instances in which property may be seized. Subsection (d) addresses the instances in which seized property may be transferred to a federal entity. Subsection (e) addresses possession of the property pending its disposition. Subsection (f), as you note, requires a confiscation report to be filed by the seizing law enforcement agency listing the property seized, with copies filed with the prosecuting attorney and the Arkansas Drug Director. Subsection (g) states as follows:
 (g)(1)(A) The prosecuting attorney shall initiate forfeiture proceedings by filing a complaint with the circuit clerk of the county
in which the property was seized and by serving such complaint on all known owners and interest holders of the seized property in accordance with the Arkansas Rules of Civil Procedure.
* * *
 (C) The prosecuting attorney shall mail a copy of the complaint to the Arkansas Drug Director within five (5) calendar days after filing the complaint.
 (2) The complaint shall include a copy of the confiscation report and shall be filed within sixty (60) days after receiving a copy of the confiscation report from the seizing law enforcement agency. In cases involving real property, the complaint shall be filed within sixty (60) days of the defendant's conviction on the charge giving rise to the forfeiture.
 (3) The prosecuting attorney may file the complaint after the expiration of the time set forth in subdivision (g)(2) of this section only if the complaint is accompanied by a statement of good cause for the late filing. However, in no event shall the complaint be filed more than one hundred twenty (120) days after either the date of the seizure or, in cases involving real property, the date of the defendant's conviction. If the court determines that good cause has not been established, the court shall order that the seized property be returned to the owner or interest holder.
(Emphasis added).
The remainder of subsection (g) provides for the owner or interest holder of the property to file a verified answer to the forfeiture complaint, places the burden of proof on the prosecuting attorney to prove that the property should be forfeited and provides either for a court order regarding forfeiture of the property or, if a defense is established, for the immediate return of the property to the owner or interest holder.See A.C.A. § 5-64-505(g)(4) and (5).
In response to your question regarding the discretion of the prosecuting attorney, in my opinion nothing in A.C.A. § 5-64-505 mandates that the prosecuting attorney file a forfeiture action with regard to every seizure in which a confiscation report is submitted. In my opinion the emphasized language of A.C.A. § 5-64-505(g)(1)(A) above ("the prosecuting attorney shall initiate forfeiture proceedings by filing a complaint with the circuit clerk . . ."), cannot be read to dictate the filing of such complaint with regard to every seizure of property. This subsection, rather, as you suggest, provides only that when such a forfeiture is sought (i.e., "upon the initiation of a civil proceeding" as described in subsection (a)), the process requires the filing of a complaint with the circuit clerk.
This conclusion is implicitly supported by language in Drug Task Forcev. Hoffman, 353 Ark. 182, 114 S.W.3d 214 (2003). The Hoffman case involved two thousand dollars seized by a drug task force (DTF), after a suspect paid that amount to an undercover officer to purchase crystal methamphetamine. As the court noted:
 For whatever reasons, DTF did not file criminal charges against Hoffman relating to the alleged "drug buy," and under speedy trial rules, the State is now absolutely barred from prosecuting Hoffman for any charge connected with the January 18 incident. See Ark.R.Crim.P. 28.1(b). Even though the State failed to file timely charges against Hoffman, DTF never returned the $2,000 it received from Hoffman at the alleged "drug buy." While DTF could have initiated a civil proceeding under § 5-64-505(a)(6) to seek forfeiture of the $2,000 Hoffman paid the undercover agent, the State did not do so. [Footnote omitted.] The State now can no longer initiate such a forfeiture proceeding because the law required the State to file its complaint for forfeiture no more than 120 days after the date of seizure of the money, which here occurred on January 18, 2000. See § 5-64-505(g)(3).
Id. at 184-185.
The court characterized the authority to file such a forfeiture action as discretionary (i.e., the DTF "could have" initiated a civil proceeding). The court did not couch the filing of such an action in mandatory terms (i.e., "should have") language. In my opinion, therefore, the answer to your question is that the prosecuting attorney retains discretion as to whether to file a civil forfeiture action with regard to particular seized property.
An ensuing question arises, however, if the prosecutor exercises his discretion not to file such a forfeiture action, as to the exact procedure for returning the seized property to the rightful owner or interest holder. This was the focus of the issue in Hoffman. The court stated:
 Since the State failed to file timely criminal charges against Hoffman or a timely forfeiture action for the $2,000 in issue, Hoffman filed his own civil suit on December 2, 2001, for immediate recovery of his monies.
Id. at 185.
The court stated that:
 The issue to resolve in this matter is purely a legal one — whether § 5-64-505 is applicable, and whether, under that statute, particularly provision (g)(3), DTF is required to return the money to Hoffman, since DTF never initiated a forfeiture action under § 5-64-505.
Id. at 187-188.
The Arkansas Supreme Court upheld the trial court's order requiring the DTF to return the property to Hoffman, relying in part upon the statutory language of A.C.A. § 5-64-505(g). The court stated that "if the State fails to file a timely complaint for forfeiture, the court shall order the seized property returned to the owner or interest holder. §5-64-505(g)(2) and (3)." Id. at 187. This portion of the statute, however, while providing for the return of the property, seems restricted to instances in which a forfeiture action is actually filed, but belatedly and without "good cause." Subsection (g)(3) addresses the court's authority to order return of the property where "good cause" for a post-60-day filing has not been established. The statute itself does not address the situation in which no forfeiture action is ever filed (as was the case in Hoffman), and thus the court's jurisdiction has not been invoked. The Supreme Court in Hoffman nonetheless appears to have construed these subsections as requiring return of the property in that instance.
Questions may remain, however, about the exact timing, procedure and requirements for the return of seized property in the event no civil forfeiture action is filed. The applicable statute, A.C.A. § 5-64-505, does not expressly address this circumstance. It only expressly provides for return of seized property in the context of a circuit court action.See A.C.A. § 5-64-505(g)(3) (return of property required upon late filing of civil action without "good cause); and A.C.A. § 5-64-505(g)(5)(B) (return of property required if a defense is established in the forfeiture action). The court in Hoffman held that the property must be returned where no forfeiture action is ever filed. It is clear from theHoffman case that an owner of seized property can maintain an action to recover the property in that instance. See also, Op. Att'y. Gen.2004-047. What is somewhat unclear is whether such an action by the owner is in all cases required in order to secure return of the property, or whether the prosecuting attorney has an affirmative obligation to return the property after the expiration of the 120-day period or according to some other time line. Legislative clarification on this point is warranted.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh